276 N.E.2d 871 (1971)
Johnnie M. LADD, Appellant,
v.
REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION ET AL., Appellees.
No. 671A118.
Appellate Court of Indiana, Division No. 1.
December 31, 1971.
*872 Julius E. Smith, Indianapolis, for appellant.
Theodore L. Sendak, Atty. Gen., Darrel K. Diamond, Deputy Atty. Gen., for appellee.
SULLIVAN, Presiding Justice.
This is an appeal from the Review Board of the Indiana Employment Security Division.
On December 18, 1970, one day after she was dismissed by her employer, Waffle House, the appellant Ladd filed an application for benefits unnder the Indiana Employment Security Act. As a result she soon began receiving $37 per week unemployment compensation. Soon thereafter the employer requested a hearing, claiming that such benefits were unwarranted because the appellant had been discharged for misconduct. The hearing deputy, however, determined that there was no such disqualification.
A hearing before an appeals referee was held March 11, 1971. The referee affirmed in part and modified in part the decision of the deputy as follows:
"The deputy's determination is affirmed in part and modified in part. The employer has failed to sustain the necessary burden of proof to show a proper discharge for misconduct in connection with claimant's work. There is no admitted or proven dishonesty shown by the evidence. Accordingly, no disqualification is imposed on claimant under either Section 1501 or Section 1507. However, it is equally clear claimant is unavailable for work, as two employer contacts in person and some telephone calls does not show a genuine and sincere effort to find work on her own as required by Section 1403 of the Act. Claimant is unavailable for work as of December 17, 1970, and continues to be as of the date of the Referee's hearing."
Ladd then filed an appeal to the Review Board. Oral argument was heard May 18, 1971. The decision of the Review Board was as follows:
"FINDINGS AND CONCLUSIONS: The Review Board finds that claimant last worked for this employer on December 17, 1970.
It further finds that during the period December 17, 1970, to and including March 11, 1971, the date of the referee hearing, claimant had called different places and had made only two personal contacts for employment.
The Review Board concludes that claimant did not meet the availability requirements of the Act for the period involved herein because she failed to make a sincere, independent effort to search for employment.
It further concludes that claimant is ineligible for benefit rights from December 17, 1970, to March 11, 1971.

*873 DECISION: The decision of the referee is hereby affirmed this 19th day of May, 1971."
This appeal was perfected June 21, 1971. The appellant alleged as error that the decision of the Review Board is contrary to law. She makes a three-fold argument:
(1) The decision of the Board is erroneous.
(2) Denial of due process in that the referee repeatedly cut off appellant's testimony and would not permit full answers.
(3) Errors in the record due to limitations of the shorthand system of reporting and due to deletions of portions of the record.

DECISION OF REVIEW BOARD CANNOT BE OVERTURNED UNLESS REASONABLE MEN COULD NOT REACH SAME CONCLUSION
The duty of the Indiana Employment Security Division as to regulation of benefits is to ascertain the continued eligibility of claimants under the Indiana Employment Security Act. This duty is stated as a matter of statute and regulation as follows:

§ 52-1538b: "An unemployed individual shall be eligible to receive benefits with respect to any week only if: He is physically and mentally able to work, is available for work and is found by the division to be making an effort to secure work: Provided, That such `effort to secure work,' shall be defined by the board through rule or regulation which shall take into consideration whether such individual has a reasonable assurance of re-employment ..." IC 1971 XX-X-XX-X, being Ind. Ann. Stat. § 52-1538b (Burns 1964 Repl.).

(52-1538a)-3: "The term `effort to secure work' as herein defined, shall require a claimant to show that he has, in addition to registering for work pursuant to section 1402 (Burns Stat., § 1538a) of the Indiana Employment Security Act, followed a course of action which, with respect to individuals in the same or similar circumstances as the claimant, ordinarily results in the securing of suitable work, considering the customary methods of securing work in occupations which are suitable for the claimant and the current condition of the labor market.
* * * * * *
"Subject to the foregoing, applicable actions of the following kind will be considered `effort to secure work' if found by the division to constitute a reasonable means of securing work by the claimant, under the facts and circumstances of his particular situation:
a. Registering with the claimant's union hiring or placement facility.
b. Registering with a placement facility of the claimant's professional organization.
c. Making application with such employers as may reasonably be expected to have openings suitable to the claimant.
d. Registering with a placement facility of a school, college or university if one is available to the claimant in his occupation or profession.
e. Making application or taking examination for openings in the civil service of a government unit with reasonable prospects of suitable work for the claimant.
f. Responding to appropriate `want ads' for work which appears suitable to the claimant.
g. Any other action which the division finds to constitute an effective means of securing work suitable to the claimant."
The primary issue in a hearing concerning eligibility is whether the effort made by the claimant was sufficient to satisfy the requirements of the statute and applicable *874 rule and regulations. The burden of proof on this issue rests upon the claimant. Howells v. Review Board (1951) 122 Ind. App. 14, 102 N.E.2d 382.
In the instant case it was the decision of the Review Board that the appellant "failed to make a sincere, independent effort to search for employment" and that as a result, she was no longer eligible under the act for unemployment compensation.
To the extent that claimant-appellant's argument is couched in terms of "sufficiency of evidence", no question is presented for our consideration. Tichenor v. Bryant Lumber Co. (1970) Ind. App., 261 N.E.2d 78; Dooley v. Richard's Standard Service (1969) Ind. App., 251 N.E.2d 449. In actuality, the thrust of her argument must necessarily be that the decision of the Review Board is contrary to law in that reasonable men would be bound to reach the opposite conclusion.
From the record of the proceedings before the referee, the only evidence concerning the availability of the appellant for work during the nearly three-month period between the date of dismissal and the date of hearing is the following testimony:
"Q. Have you had any work since you left the Waffle House?
A. No, I haven't.
Q. Have you looked anywhere else for work?
A. I have called different places.
Q. Have you put applications in with prospective employers for a job?
A. I went to Chevrolet yesterday, and I have an application in at Lilly's.
Q. Any other than those two, Mrs. Ladd?
A. No, sir."
In support of her argument, claimant Ladd cites Nelson v. Review Board (1948) 119 Ind. App. 10, 82 N.E.2d 523. In that case, this Court reversed a decision of the Review Board which had denied claimant benefits upon the reasoning that claimant was not "available for work" within the contemplation of the statute. Not only did the Court in Nelson utilize an erroneous standard for review of the Board's decision, i.e., whether the negative award was sustained by sufficient evidence, that case is clearly distinguishable upon its facts. There, the claimant had registered for work and had reported regularly at the employment office. He had, further, sought employment as advertised in the newspaper. The efforts, or lack thereof, made by claimant Ladd in the case before us differ noticeably.
Since we cannot say that from the evidence, reasonable men would be bound to reach a conclusion contrary to that of the Review Board, we cannot hold that the decision of the Board is contrary to law. In our opinion the record of this case does not show conclusively that the appellant was making an honest and conscientious effort to obtain suitable work during this period. Therefore, we may not disturb the decision of the Board. Poulsen v. Review Board (1953) 123 Ind. App. 297, 110 N.E.2d 746.

NO SHOWING OF RECORD THAT REFEREE DENIED APPELLANT DUE PROCESS
While wide latitude is allowed an administrative body in the conduct of its hearings, due process of law must be accorded to those whose rights are affected. Warren v. Indiana Telephone Co. (1940) 217 Ind. 93, 26 N.E.2d 399. If the referee in this case cut off the appellant's answers or did not permit full answers to questions concerning availability for employment, a denial of due process would certainly have occurred. There is absolutely no indication of record, however, to substantiate appellant's naked allegation.
It must be held that unless clearly inapplicable or unless specifically stated otherwise, *875 general rules of appellate procedure are binding upon persons appealing from decisions of administrative agencies. See Gulick v. Marion Circuit Court (1952) 230 Ind. 232, 102 N.E.2d 762; Davidson v. Review Board (1963) 134 Ind. App. 313, 187 N.E.2d 586. It is the obligation of the appellant to tender a record sufficient to make manifest the error complained of. Imperfections in the record cannot be cured by inference or presumption. Petty v. Friel (1960) 240 Ind. 572, 167 N.E.2d 345. If, as suggested by appellant here, certain matters occurring at the hearing below are not contained in the record of proceedings, it was incumbent upon her to seek certiorari to correct the record. Kain v. State (1954), 234 Ind. 160, 123 N.E.2d 177, (Opinion on Rehearing) 125 N.E.2d 436; Sumner v. Goings (1881), 74 Ind. 293.
The record of proceedings before us is the record submitted by Appellant herself. She now seeks to impeach the accuracy of that very record as a means to reverse the decision reached by the Board. Having failed to avail herself of the certiorari provisions of App. Rule 7.2 (C), appellant cannot assert as error matters not of record.

APPELLANT WAIVED ERROR, IF ANY, IN REFUSAL OF REVIEW BOARD TO PERMIT SUBMISSION OF ADDITIONAL EVIDENCE
Although the appellant argues that she had further evidence of contacts with possible employers which she was not allowed to include in the record, she did not follow the statutory procedure for submitting additional evidence to the Review Board. As provised in the Regulations of the Indiana Employment Security Board § (52-1542e)-4:
"... [T]he review board may hear or procure additional evidence upon its own motion, or upon written application of either party, and for good cause shown, together with a showing of good reason why such additional evidence was not procured and introduced at the hearing before the referee whose decision forms the basis of the appeal.
* * * * * *
"Such application, if made by the appellant, must be presented at the time the request for hearing is filed.
* * * * * *
"The review board, at its discretion, may remand any proceeding to a referee for the hearing of additional evidence and the same shall be heard by such referee only under the same conditions and after like notice as is herein provided for the hearing of additional evidence by the review board."
The appellant did not follow these procedures. We must, therefore, consider the matter waived.

NO ERROR IS PRESENTED BY UNSUPPORTED ATTACKS UPON METHOD WHEREBY RECORD IS TRANSCRIBED
Appellant's final assertion of error is as follows:
"Because of the speed and volume of utterances, a hearing reporter at a referee's hearing cannot record all spoken evidence."
While we recognize the physical limitations of the human mechanism and while we readily extol the advantages to be derived by the electronic transcription of judicial and quasi-judicial proceedings, we are not of a mind to hold that all court reporters are, as a matter of law, incapable of accurately reproducing the evidence adduced.
In this regard, appellant's argument is but a refinement of her position with respect to the "defective" record herein filed. *876 We therefore, dismiss such argument for reasons heretofore stated.
The decision of the Review Board is affirmed.
BUCHANAN, LOWDERMILK and ROBERTSON, JJ., concur.