Mervin E. DRAKE, Petitioner-Appellant,

v.

INDIANA NATURAL RESOURCES COMMISSION, et al., Respondents-Appellees

and

W.L. Dillier, Francis M. Pierce, Intervening Respondents-Appellees.

No. 1–183A1.

Court of Appeals of Indiana, First District.

Aug. 23, 1983.

Ronald L. Drake, Washington, D.C., Ronald S. Lieber, Indianapolis, for petitioner-appellant.

Robert G. Lowry, Mark Leo Reed, Lowry & Reed, Sullivan, for W.L. Dillier and Francis M. Pierce.

Linley E. Pearson, Atty. Gen., Daniel P. Miller, Deputy Atty. Gen., Indianapolis, for Indiana Natural Resources Com'n, et al.

NEAL, Judge.

## STATEMENT OF THE CASE

Petitioner-appellant landowner, Mervin E. Drake (Drake), appeals from the dismissal of his action for judicial review in favor of respondent-appellee, the Indiana Natural Resources Commission (State Agency), and intervening respondent-appellee drillers, W.L. Dillier and Francis M. Pierce (Dillier and Pierce). The Hancock Circuit Court granted dismissal of Drake's action based on a lack of jurisdiction pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(1) and (B)(2). We affirm.

## STATEMENT OF THE FACTS

Dillier and Pierce are the owners and operators of an oil and gas lease on the subject 20 acre tract of land located in Sullivan County, Indiana. Drake, along with his wife, is the owner of the real estate which encompasses the leasehold. One oil well, Janie Drake # 1, was drilled on the twenty acre unit and has remained in production since 1951. On February 23, 1981 Dillier and Pierce filed with State Agency's Division of Oil & Gas an application for a permit to drill a second oil well, Janie Drake # 2, on the tract, thus creating two ten acre units. Along with the application, Dillier and Pierce filed a "Petition for Exception of Paragraph 31–B of the Rules and Regulations affecting Oil and Gas Operations in the State of Indiana." 310 IAC 7–1–31(B) provides for twenty acre drilling units in limestone reservoirs, allowing one oil well per drilling unit. On March 25, 1981, a hearing was conducted by State

Agency's Director of the Division of Oil and Gas, at which time approval of Dillier and Pierce's application for permit and exception was recommended. Notice of the March 25 hearing had been published in the Sullivan Daily Times on March 10, 1981. On April 9, 1981, Drake filed an objection to Dillier and Pierce's petition for exception. Drake attended an informal hearing concerning his objection on May 19, 1981. Approval of the permit and exception was again recommended by State Agency's Director of the Division of Oil and Gas. At the June 24, 1981 meeting of State Agency, it approved the Director's recommendations to issue the permit and grant the exception in favor of Dillier and Pierce. Drake was present at this meeting and objected to the State Agency's action. On November 10, 1981 State Agency's hearing commissioner conducted a formal hearing on Drake's objection. Drake was present at this hearing. The hearing commissioner also recommended approval of the exception and permit to drill Janie Drake # 2. This hearing was recorded and transcribed by an agent of Accurate Reporting of Indiana. The relevant dates and events following the November 10 hearing are cataloged below.

| | |
|---|---|
| March 31, 1982 | State Agency conducted final hearing with Drake present, approving issuance of permit and granting exception for drilling Janie Drake # 2 on a ten acre unit in favor of Dillier and Pierce. Hearing was recorded by Accurate Reporting of Indiana. |
| April 7, 1982 | Drake filed Petition for Judicial Review and Praecipe for Transcript of Proceedings on exception and permit to drill Janie Drake # 2 with the Marion Superior Court. |
| April 13, 1982 | Petition and praecipe received for service by Marion County Sheriff. |
| April 14, 1982 | State Agency served with Drake's Petition for Judicial Review. |
| April 20, 1982 | Drake filed Request for Extension of Time Within Which to File Transcript. |
| April 21, 1982 | State Agency filed Motion for Change of Venue. |
| April 22, 1982 | Original due date for filing of Transcript expired. |
| April 27, 1982 | Marion County Superior Court granted Drake's request and extended due date for filing of transcript to May 28, 1982. |
| April 28, 1982 | Change of Venue granted by Marion Superior Court. |
| May 5, 1982 | Case venued to Hancock County. |
| May 25, 1982 | Drake's attorney requested, via telephone call to State Agency's hearing commissioner, that a certified transcript of proceedings be prepared. Hearing Commissioner requested that Accurate Reporting of Indiana transcribe the March 31 hearing. Accurate Reporting stated that no transcript of the hearing would be prepared without specific authorization from Drake's attorney. Whereupon, the hearing commissioner telephoned Drake's local counsel to insure that the authorization was made. |
| May 28, 1982 | State Agency's Secretary and hearing commissioner receive follow-up letters dated May 25 from Drake's attorneys and local counsel requesting transcript of proceedings. |
| May 28, 1982 | Extended due date to file transcript of proceedings expired. |
| June 3, 1982 | Dillier and Pierce filed Motion to Dismiss for Lack of Jurisdiction pursuant to Ind.Rules of Procedure, Trial Rule 12(B)(1) and (B)(2). |
| June 4, 1982 | State Agency's hearing commissioner telephoned Accurate Reporting of Indiana to ascertain whether the transcript of the March 31 hearing had been completed. Upon discovering that no authorization had been received from Drake's attorney, the hearing commissioner instructed Accurate Reporting to prepare the transcript at that time. |
| June 9, 1982 | Drake filed, with the Hancock Circuit Court, a Request for Ruling on Verified Petition for Extension of Time in Which to File Transcript. |
| June 14, 1982 | Hancock Circuit Court granted Drake's request for extension of time, setting new date at July 14, 1982. |
| June 15, 1982 | Dillier and Pierce filed a request that the Hancock Circuit Court reconsider it's grant of an extension of time. |

| | |
|---|---|
| July 1, 1982 | State Agency received transcript of March 31 hearing from Accurate Reporting of Indiana. |
| July 6, 1982 | State Agency made whole transcript available to Drake. |
| July 7, 1982 | Drake filed a certified copy of the transcript of the proceedings on the exception and permit allowing Dillier and Pierce to drill Janie Drake # 2. |
| July 14, 1982 | Unexpired due date to file transcript. |
| August 24, 1982 | Hearing conducted by Hancock Circuit Court. The trial court found that Drake had not shown good cause necessary for an extension of time and denied the extension. It then dismissed Drake's action for judicial review against State Agency and Dillier and Pierce for lack of jurisdiction pursuant to Ind.Rules of Procedure, Trial Rule 12(B)(1) and (B)(2). |

## ISSUES

Drake presents the following issues for review:

I. Did the trial court err in finding that Drake had not shown good cause for an extension of time in which to file a certified transcript of Administrative proceeding required for judicial review of the proceedings;

II. May a cause of action arising from an order by an administrative agency, based on a denial of due process, be pursued in equity without regard to the requirements of the Indiana Administrative Adjudication Act (AAA) pertaining to judicial review;

III. May a cause of action arising out of an order by an administrative agency, based on the agency's lack of statutory authority to take the action complained of, be pursued in equity without regard to the requirements of the AAA pertaining to judicial review; and

IV. May a cause of action arising out of an order by an administrative agency, based on an applicant's lack of standing to request the administrative action, be pursued in equity without regard to the requirements of the AAA pertaining to judicial review.

Issues II, III, and IV will be discussed together, as they all deal with the availability of an equitable cause of action.

## DISCUSSION AND DECISION

*Issue I.*

Drake contends that the trial court erred in finding that he had not shown good cause for an extension of time in which to file a transcript. The trial court found no good cause had been shown, and dismissed the action for judicial review for lack of jurisdiction under Trial Rule 12(B)(1) and (B)(2).

Drake correctly asserts that under the AAA, specifically Ind.Code 4–22–14, he was required to file his petition for judicial review in the trial court within 15 days of March 31, 1982, the date of the agency's ruling, and that he so complied on April 7 by filing it in the Marion Superior Court. He further correctly asserts that he was required to file a transcript of State agency's proceeding with the trial court within 15 days after the filing of the petition, the deadline being April 22. However, on April 20, he filed a petition for an extension of time to file the transcript, which he asserts was denied on August 24, 1982.

Drake's argument, which omits much relevant record, then proceeds on the assumption that the AAA requires the agency to prepare a transcript without being requested to do so, and make it available to the parties. State Agency failed to order the transcript until June 4. It was made available and filed on July 7. Therefore, he concludes, the transcript was not available on April 22, and he had shown good cause for an extension of time because of his inability to get a transcript.

An extension of time is provided for by Ind.Code 4–22–1–14, as follows:

"An extension of time in which to file such transcript should be granted by said court for good cause shown. Inability to obtain such transcript within time shall be good cause. Failure to file such tran-

script within said period of fifteen (15) days, or to secure an extension of time therefor shall be cause for the dismissal of such petition for review by the court or on petition of any party of record to the original proceeding."

Case law has held that the failure to file the transcript within 15 days or within an authorized extension shall be cause for dismissal. It is a condition precedent to the exercise of judicial review. Failure to comply with the statutory mandate is jurisdictional. *Indiana Civil Rights Commission v. International Union,* (1979) 179 Ind.App. 407, 385 N.E.2d 1176.

In Drake's argument he omits the fact that after he filed his petition for extension of time, State Agency filed a motion for change of venue from Marion County on April 21. On April 27, the Marion Superior Court granted the motion for extension of time to and including May 28, on an order prepared by Drake's attorney, then on April 28, the Marion Superior Court granted the change of venue which was subsequently perfected on May 5, venuing the case to Hancock County.

The transcript was not filed by May 28, and no further extension was requested. Thereafter, on June 3, 1982, State Agency and Dillier and Pierce filed with the Hancock Circuit Court, a motion to dismiss based upon lack of jurisdiction under Ind. Rules of Procedure, T.R. 12(B)(1) and (2). Accompanying his response to the motion to dismiss, Drake filed a request for a ruling on the April 20 motion for extension. The Hancock Circuit Court, originally granted the request on June 14, which permitted the transcript to be filed on July 7. However, the trial court thereafter, on August 24, granted the respondent's 12(B)(1) and (2) motions.

In both the assignment of errors and the argument in his brief, Drake totally ignores the fact that the Marion Superior Court *had granted his* motion for extension. Examination of the record does not disclose any objection made by Drake to the Marion Superior Court's grant of the extension, and that question was not mentioned in the

motion to correct errors. In his reply brief, for the first time, Drake acknowledges the fact that his petition had been granted. However, he takes the extraordinary position that the Marion Superior Court had lost jurisdiction to grant *his* petition for his extension of time. Appellees make no such challenge. A party who petitions for relief cannot for the first time on appeal complain of the lack of jurisdiction of the trial court, and is estopped to complain about any action taken by the trial court in doing what he asked it to do, even though such action is erroneous. *Christian v. Gates Rubber Co.,* (1969) 145 Ind.App. 229, 250 N.E.2d 486; *Moran v. Miller,* (1926) 198 Ind. 429, 153 N.E. 890. Even authorities cited by Drake reflect that the trial court retains jurisdiction of emergency matters after a change of venue is filed. *Justak v. Bochnowski,* (1979) Ind.App., 391 N.E.2d 872. We need not decide whether granting an extension is an emergency because Drake failed to preserve this issue by objection or question in his motion to correct errors. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7); *Enderle v. Sharman,* (1981) Ind.App., 422 N.E.2d 686; *Glass v. Continental Assurance Co.,* (1981) Ind.App., 415 N.E.2d 126.

In conclusion, we see the essence of the matter as follows. Under Ind.Code 4–22–1–14, the person who files a petition for judicial review must "secure" from the agency a transcript and "file" it with the reviewing court within 15 days of the filing of the petition for review, or within any authorized extension. Such requirement is a pre-condition to conferring jurisdiction upon the reviewing court. Regardless of whether Drake had good cause for an extension, he was not relieved of the requirement of filing for an additional extension to preserve the vitality of his review. He did nothing. Rather, after filing his original motion for extension, he paid no further attention to the matter. The court was correct in its ruling.

*Issues II, III, and IV.*

Drake argues that his cause of action against State Agency and Dillier and Pierce

is not governed by the AAA and that he has stated a claim for relief which can be granted without resorting to the provisions of the AAA. If this is so, Drake claims his cause of action should not have been dismissed for failure to comply with the requirements of the AAA. We do not agree.

Ind.Code 4–22–1–3 states:
"Application
... In every administrative adjudication in which the rights, duties, obligations, privileges or other legal relations of any person are required or authorized by statute to be determined by any agency the same shall be made in accordance with this act and not otherwise." (Footnote omitted.)

Ind.Code 4–22–1–14 further provides for judicial review of administrative actions. The AAA provides adequate means for review of constitutional issues, and thus a suit in equity is not available. *Evans v. Stanton,* (1981) Ind.App., 419 N.E.2d 253; *Thompson v. Medical Licensing Board,* (1979) 180 Ind.App. 333, 389 N.E.2d 43. Failure to comply with a statutory mandate divests the trial court of jurisdiction to review the administrative decision. Where the statutory means of review have not been followed, an independent action will not thereafter be permitted. *Warram v. Stanton,* (1981) Ind.App., 415 N.E.2d 114.

Drake argues extensively that he did not receive notice of the various hearings and was thereby denied due process. However, the record reflects that throughout the proceedings he was represented by an attorney and attended all of the hearings except the initial investigating hearing which did not involve him.

Drake does not deny that he received notice of the ruling of the final March 31, 1982 hearing, and actually filed his timely petition for judicial review on April 7. That petition for judicial review alleged lack of notice, presenting the trial court with the issue of due process. In the normal cause of things this issue could have been adjudicated. Dismissal was occasioned by Drake's failure to file the transcript as discussed above. Inadvertence, not lack of notice, prevented Drake from timely filing the transcript. Had he complied with AAA requirements the trial court could have determined the due process question which could then have been reviewed by us. This is not a situation where lack of notice prevented any form of action by him in contesting State Agency's decision.

Drake's other issues of standing to bring an administrative action and statutory authority to take action could also have been decided by the trial court upon judicial review of State Agency's proceedings. However, when the trial court lost its jurisdiction to review State Agency's grant of an exception and a permit to drill Janie Drake # 2, it also lost its jurisdiction to decide any related issues. Drake may not now bring a separate cause of action in equity on issues that could properly have been decided through administrative review.

For the above reasons this cause is affirmed.

Affirmed.

ROBERTSON, P.J., and RATLIFF, J., concur.