**Randy CROWDER, Appellant–Petitioner,**

v.

**ROCKVILLE TRAINING CENTER, Indiana Department of Corrections, State Employees Appeals Commission, and Pamela Carter, Attorney General, Appellees–Respondents.**

No. 49A05–9309–CV–361.

Court of Appeals of Indiana,
Fifth District.

March 30, 1994.

Transfer Denied July 22, 1994.

David L. Byers, Holwager & Holwager, Beech Grove, for appellant.

Pamela Carter, Atty. Gen., Sabra A. Weliever, Deputy Atty. Gen., Indianapolis, for appellees.

RUCKER, Judge.

Randy Crowder appeals the trial court's dismissal of his petition for review of a decision by the State Employees' Appeals Commission. He raises one issue for our review, namely whether the court erred in dismissing the petition for lack of jurisdiction.

We affirm.

On May 14, 1992, Crowder was dismissed from his employment as a correctional officer at the Rockville Training Center. Crowder appealed his dismissal to the State Employees' Appeals Commission (the Commission). After a hearing, the Commission issued its findings of fact and conclusions of law upholding the dismissal.

On December 31, 1992, Crowder filed a Verified Petition for Judicial Review of the Commission's decision. On January 27, 1993, Crowder filed a motion for extension of time to file the record of proceedings. The trial court granted the motion, extending the time for filing the record to and including March 30, 1993. When the record was not filed within that period, the Commission moved to dismiss Crowder's petition for lack of jurisdiction based on the provisions of Ind.Code § 4–21.5–5–13. Thereafter, on April 15, 1993, Crowder requested a second extension of time within which to file the record, and the court granted the extension to and including May 31, 1993. The record was filed on May 26, 1993. After a hearing on the Commission's motion to dismiss, the trial court determined that the jurisdictional requirements of I.C. § 4–21.5–5–13 had not been met and dismissed Crowder's petition for lack of jurisdiction. Crowder now appeals.

Crowder contends the trial court erred in dismissing his petition. According to Crowder, by filing the record on May 26, 1993, within the time allowed by the trial court's second extension, he met the jurisdictional requirements of I.C. § 4–21.5–5–13.[1]

The Commission counters that because Crowder failed to request the second extension until after the deadline imposed pursuant to his first such request, the trial court lacked jurisdiction to grant the extension and thus properly dismissed the action.

Upon filing a petition for review of an administrative decision, a petitioner "shall transmit to the [trial] court the ... agency record for judicial review" within thirty days after the petition is filed unless further time is allowed by the court or other law. I.C. § 4–21.5–5–13(a). "Failure to file the record within the time permitted ... is cause for dismissal of the petition...." I.C. § 4–21.5–5–13(b).

The time provisions of I.C. § 4–21.5–5–13 are mandatory and a condition precedent to a court acquiring jurisdiction where an appeal or review is sought from an administrative order or determination. *Indianapolis Yellow Cab, Inc. v. Indiana Civil Rights Commission* (1991), Ind.App., 570 N.E.2d 940, *trans. denied; State v. Van Ulzen* (1983), Ind.App., 456 N.E.2d 459 (discussing Ind.Code § 4–22–1–14, the predecessor to I.C. § 4–21.5–5–13). Once the period authorized by I.C. § 4–21.5–5–13 has expired, the trial court is without jurisdiction to hear the appeal. *Yellow Cab,* 570 N.E.2d at 942 (trial court had no jurisdiction to review agency determination where record was filed one day after statutory period expired); *Drake v. Indiana Natural Resources Commission* (1983), Ind.App., 453 N.E.2d 288 (where petitioner failed to file record within time allowed pursuant to request for extension, trial court lacked jurisdiction). Here, the period authorized by I.C. § 4–21.5–5–13 expired on March 30, 1993, the deadline set by the trial court pursuant to Crowder's first request for extension. Because Crowder failed to file the record by that date, the trial court did not obtain jurisdiction over the matter and thus had no authority to rule on a subsequent request for extension. The trial court properly dismissed Crowder's petition for lack of jurisdiction.

Order affirmed.

BARTEAU and CHEZEM, JJ., concur.

---

1. Crowder also asserts that "[t]he concepts of fundamental fairness and due process were violated when the trial court dismissed [Crowder's] cause of action for his failure to file a record during a time period when the transcript had not yet been prepared." *Brief of Appellant* at 10. However, Crowder supports this assertion with neither cogent argument nor citation to relevant authority. The issue is therefore waived. *Kolley v. Harris* (1990), Ind.App., 553 N.E.2d 164, *trans. denied.*