**Tae H. PARK, Appellant–Petitioner,**

v.

**The MEDICAL LICENSING BOARD OF INDIANA, Appellee–Respondent.**

No. 45A04–9409–CV–370.

Court of Appeals of Indiana.

Oct. 24, 1995.

Transfer Denied April 3, 1996.

William L. Touchette, Merrillville, Karl L. Mulvaney, Bingham Summers Welsh & Spilman, Indianapolis, for Appellant.

Pamela Carter, Attorney General, Connie J. Dinn, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

RILEY, Judge.

Appellant–Petitioner Tae H. Park, M.D., appeals the trial court's dismissal of his petition for judicial review of an order of the Medical Licensing Board of Indiana (the "Board").

We affirm.

### ISSUES

Park presents one consolidated and restated issue for our review: Did the trial court have jurisdiction over Park's petition for judicial review?

### FACTS

The State of Indiana by the Office of the Attorney General, Division of Consumer Protection, filed a complaint against Park's medical license on April 16, 1991, and two members of the Board acting as administrative law judges (ALJs) held an evidentiary administrative hearing in May of 1992. After Park filed his proposed findings of facts and conclusions of law in November, 1992, the ALJs issued recommended findings of fact, conclusions of law and order on January 21, 1993.

Park objected to the ALJs' recommended findings; and, on February 25, 1993, the Board issued an emergency order, suspending Park's medical license for 90 days after finding that Park constituted a clear and immediate danger to the public health, safety and welfare if allowed to continue to practice medicine. This order was based upon the ALJs' findings and Park's motion for a continuance. After further motions, including Park's Motion to Withdraw a Motion for Continuance in Order to Submit New Evidence, the Board adopted the ALJs' recommended findings by unanimous vote on March 25, 1993.

On April 1, 1993, Park filed a petition for judicial review and a motion for stay of effectiveness of the Board's suspension order. The stay was granted by the trial court ex parte; neither the Board or its counsel received notice of the proceedings.

The Board issued its final order revoking Park's license on April 7, 1993. A week later, the Board filed a motion for change of judge in the trial court which Judge Danikolas granted. After two panels were proposed and the parties struck names of judges, Judge Conroy qualified as special judge and the parties were notified of his qualifications on September 10, 1993.

Meanwhile, on August 25, 1993, Park filed a petition to show cause against Deputy Attorney General Connie Dinn. A special hearing in Judge Danikolas's chambers on September 2, 1993, resulted in the dissolution of the order to show cause.

On September 28, 1993, the Board filed a motion to dismiss pursuant to Ind.Trial Rule 12(B) for lack of subject matter jurisdiction. This motion was based on Park's failure to file the record of the administrative proceedings with the trial court.

On October 1, 1993, Park motioned for a change of judge; however, on December 13, 1993, both parties agreed to venue the case to Special Judge John L. Richert. On January 11, 1994, Park filed a Petition Requesting Extension of Time to File Record of Administrative Proceedings with the Court for Good Cause. After a hearing, the trial court denied Park's petition and dismissed the action on May 18, 1994. It is from this decision that Park appeals.

### DISCUSSION

Park contends that the trial court erred when it denied his petition for an extension of time to file the record of the administrative hearing because he showed the good cause required by statute and because his petition was filed in a timely manner.

Proceedings before the Board and judicial review thereof are governed by the Adminis-

trative Order and Procedures Act ("AOPA"), IND.CODE 4–21.5–1–1 *et seq.* (1993), which provides, in relevant part, that the petitioner "shall transmit to the court the ... agency record for judicial review" within thirty (30) days after the petition is filed unless further time is allowed by the court or other law. I.C. 4–21.5–5–13(a). "Failure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is cause for dismissal of the petition for review by the court, on its own motion, or on petition of any party of record to the proceeding." I.C. 4–21.5–5–13(b).

■ The time provisions of I.C. 4–21.5–5–13 are mandatory and a condition precedent to a court acquiring jurisdiction where an appeal or review is sought from an administrative order or determination. *Crowder v. Rockville Training Center* (1994), Ind.App., 631 N.E.2d 947, 948, *trans. denied; Indianapolis Yellow Cab v. Indiana Civil Rights Comm'n* (1991), Ind.App., 570 N.E.2d 940, 942, *trans. denied; State v. Van Ulzen* (1983), Ind.App., 456 N.E.2d 459, 464 (discussing I.C. 4–22–1–14, predecessor to I.C. 4–21.5–5–13). Once the period authorized by I.C. 4–21.5–5–13 has expired, the trial court is without jurisdiction to hear the appeal. *Crowder,* 631 N.E.2d at 948 (because petitioner failed to file record by deadline set by trial court pursuant to petitioner's first request for extension, trial court did not obtain jurisdiction over matter and thus had no authority to rule on subsequent request for extension); *Yellow Cab,* 570 N.E.2d at 942 (trial court lacked jurisdiction to review agency determination where record was filed one day after statutory period expired); *Drake v. Indiana Natural Resources Comm'n* (1983), Ind.App., 453 N.E.2d 288, 292 (where petitioner failed to file record within time allowed pursuant to request for extension, trial court lacked jurisdiction).

■ In the present case, the period authorized by I.C. 4–21.5–5–13 expired on May 3, 1993. Park did not file the record by that date; however, he did request an extension on January 11, 1994. Park argues that I.C. 4–22–1–14, predecessor of the current statute specifically indicated that failure to seek an extension shall be cause for dismissal. The AOPA (now in use for administrative appeals) does two things. It deletes the provision about needing to seek the extension with[in] [sic] the time period. Second, it removes the mandatory "shall" and replaces it with the precatory "is". Thus, even though *Yellow Cab* appears to equate these two statutes as having the same effect, [Park] respectfully submits that the judicial review court was granted discretion under the AOPA to grant an extension for good cause even after the time period has arguable run.

Appellant's Brief at 40. However, in *Crowder,* where the petitioner failed to file the record by the deadline set by the trial court pursuant to the petitioner's first request for extension, we found that the trial court lost jurisdiction after the first extension period expired, and thus had no authority to rule on a subsequent request an for extension after the first deadline. *Crowder,* 631 N.E.2d at 948. Likewise, on January 11, 1994, when Park filed his tardy petition, the trial court had no jurisdiction over the action and no authority to rule on the petition.

■ Park argues that the 30–day time limitation in I.C. 4–21.5–5–13 was tolled, making his January 11–request timely. Park neglects to provide any citation to authority in support of this argument. Further, Park does not offer, nor can we find, analogous situations where procedural statutes are tolled in civil actions. Thus, consideration of this issue has been waived. Ind. Appellate Rule 8.3(A)(7); *J.L. v. Mortell* (1994), Ind. App., 633 N.E.2d 300, 303, *trans. denied* (1995).

■ Next, Park argues that the facts before us demonstrate his excusable neglect because there was no sitting judge from April 14, when the Board motioned for a change of judge until January 10, 1994, after his own motion for change of judge. However, the AOPA does not contain any provision for an excusable neglect exception to it procedural provisions and Park fails to cite to case law to support such an exception. *Id.* Further, we note the lack of a sitting judge did not prevent Park's filing a motion to show cause against the deputy attorney general and resolving the issue in Judge Danikolas's chambers in September of 1993. *See also Drake,* 453 N.E.2d at 292 (trial court

retains jurisdiction of emergency matters after a change of venue is filed).

 Park argues that the Board was responsible for his failure to file the agency record. Although our review of the record shows otherwise, even if we accept Park's allegations that the Board did not comply with its statutory obligations and refused to cooperate with Park, he is still not relieved of his duty to file the record within 30 days of filing his petition or to request an extension of time to file the record. The party seeking judicial review has an obligation to notify the court if they are unable to obtain the agency record. *Drake*, 453 N.E.2d at 293. A petitioner has the responsibility to inform the trial court regarding problems of filing the agency record and request an extension of time if necessary. *Id.*

██ Finally, Park contends that the trial court has the inherent authority to permit a late appellate filing in cases involving extraordinary facts and/or issues of public importance or concern, citing *Claywell v. Review Bd. of the Indiana Dept. of Employment and Training Serv.* (1994), Ind., 643 N.E.2d 330, for support. We note initially that *Claywell* and the other precedent cited by Park pertains to the failure of appellants to perfect appeals before this court and the Indiana Supreme Court.

In *Claywell,* the supreme court re-affirmed that perfecting an appeal is a jurisdictional matter, and the requirement of a timely filing is a bright line rule. *Id.* at 330. However, *Claywell* also acknowledged that appellate courts have the "inherent discretionary power to entertain an appeal after the time allowed has expired," but "only in rare and exceptional cases, such as in matters of great public interest, or where extraordinary circumstances exist." *Id.* (quoting *Lugar v. State* (1978), 270 Ind. 45, 46, 383 N.E.2d 287, 289). The grounds Park asserts, including that the Board misunderstood the medical conditions discussed before it; the charging information is, in part, incorrect; Park's personal livelihood is at stake; and Park's specialty is not recognized as a medical condition, are not enough to satisfy the standard set out in *Lugar. See Id.* (case involving millions of public dollars and police pension fund as well as counsel who was serving as

legislator while preparing appellant's brief); *Frum v. Little Calumet River Basin Dev. Comm'n* (1987), Ind.App., 506 N.E.2d 492, 494, *reh'g denied* (appeal from order overruling objections in eminent domain proceeding where court found that, although landowners followed improper procedure resulting in failure to timely file praecipe, prior case law had confused procedure to be followed in such cases).

Park failed to file the record of his administrative proceeding for review by the trial court within the statutorily mandated period of time, neither did he request an extension of the time period before the period expired. The trial court never obtained jurisdiction over the matter and thus, had no authority to rule on the subsequent delayed request for an extension. The trial court properly dismissed Park's petition for lack of jurisdiction.

Judgment affirmed.

DARDEN and RUCKER, JJ., concur.