**SEATTLE PAINTING CO., INC.,**
Appellant–Petitioner,

v.

**COMMISSIONER OF LABOR and the Indiana Occupational Safety and Health Administration Board of Safety Review,**
Appellees–Respondents.

No. 49A02–9507–CV–410.

Court of Appeals of Indiana.

Feb. 26, 1996.

James H. Hanson, Lynn D. Lidke, Timothy W. Wiseman, Scopelitis, Garvin, Light & Hanson, Indianapolis, for appellant.

Pamela Carter, Attorney General, Brian D. Scott, Deputy Attorney General, Indianapolis, for appellees.

## OPINION

BAKER, Judge.

Appellant-petitioner Seattle Painting Co., Inc., appeals the trial court's order dismissing its petition for judicial review of a decision by appellee-respondent Indiana Occupational Safety and Health Administration Board of Safety Review (Review Board). Seattle raises one issue for our review: whether the trial court erred in determining it did not have subject matter jurisdiction over the petition due to Seattle's failure to comply with IND.CODE § 4–21.5–5–13(a).

### FACTS

During 1991, Seattle was painting various power line transmission towers near Nappannee and Freeman, Indiana. Following a safety inspection, the Indiana Occupational Safety and Health Administration issued four safety orders to Seattle alleging violations of 29 C.F.R. § 1926. When Seattle objected to the orders, a hearing was held, after which an Administrative Law Judge recommended that the Review Board affirm the issuance of the safety orders. On September 13, 1994, the Review Board issued an administrative order affirming the issuance of the four safe-

ty orders against Seattle. In response, Seattle filed a petition for judicial review of the administrative order on November 9, 1994, in the Marion Superior Court. Seattle attached the Review Board's final order to the petition as Exhibit "A." On December 28, 1995, the Review Board filed a motion to dismiss the petition pursuant to Ind.Trial Rule 12(B)(1), alleging that Seattle had failed to comply with the jurisdictional requirements of I.C. § 4–21.5–5–13, specifically the requirement that Seattle file a certified copy of the agency record within thirty days of filing a petition for review of an agency action. The trial court held a hearing on the Review Board's motion, and subsequently dismissed Seattle's petition for a lack of subject matter jurisdiction.

## DISCUSSION AND DECISION

Seattle argues the trial court erred in dismissing its petition for a lack of subject matter jurisdiction. Specifically, Seattle contends that it substantially complied with the requirements of I.C. § 4–21.5–5–13, in that it filed a certified copy of the agency's final order within the thirty day requirement.

I.C. § 4–21.5–5–13 states in pertinent part:
(a) Within thirty (30) days after the filing of the petition, or within further time allowed by the court or by other law, the petitioner shall transmit to the court the original or a certified copy of the agency record for judicial review of the agency action, consisting of:
(1) any agency documents expressing the agency action;
(2) other documents identified by the agency as having been considered by it before its action and used as the basis for its action; and

(3) any other material described in this article as the agency record for the type of agency action at issue, subject to this section.

       •      •      •      •      •

(b) ... Failure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is cause for dismissal of the petition for review by the court, on its own motion, or on petition of party of record to the proceeding.

Here, the record reveals that Seattle failed to file the agency record within thirty days after filing its petition for review and failed to request an extension of time to do so. I.C. § 4–21.5–5–13 expressly defines an agency record to include all agency documents expressing the agency action, as well as documents considered by the agency in reaching its decision. Although Seattle filed a document with the trial court which reflected the final agency action, it did not file any of the documents considered by the agency in making its final determination. Thus, it did not file an agency record as defined by statute.[1]

       Nevertheless, Seattle argues that its filing of the agency's final order was sufficient to invoke the trial court's jurisdiction. As support for this argument, Seattle cites I.C. § 4–21.5–5–13(g), which allows the trial court to permit subsequent corrections or additions to the record. According to Seattle, this section implies that it is not necessary to file a complete agency record with the trial court to invoke the court's jurisdiction over the matter. We disagree. We do not believe that I.C. § 4–21.5–5–13(g) was intended to encompass situations such as the present case where only a portion of the

---

1. In his dissent, Judge Staton finds that Seattle's filing of the agency order, as a portion of the agency record, was sufficient to invoke the trial court's jurisdiction over the appeal. Were we to accept this interpretation of the statute, we would, in effect, nullify the provisions of I.C. § 4–21.5–5–13(a), which define the content of an agency record to include the agency order *plus* any other documents considered by the agency as a basis for its decision. This we are unwilling to do. Furthermore, we disagree with the dissent's contention that I.C. § 4–21.5–5–13(g), which permits additions or corrections to the record, supports a holding that the trial court's jurisdiction is invoked upon the filing of an incomplete record. While we agree that a party may employ I.C. § 4–21.5–5–13(g) to make minor corrections or additions to the record, we do not believe the legislature intended this section to circumvent the remainder of the statute's provisions. Here, Seattle did not even substantially comply with the requirement that it file an agency record with the trial court. Thus, we do not believe the trial court had jurisdiction over Seattle's appeal of the agency action.

record was filed. On the contrary, we believe I.C. § 4–21.5–5–13(g) was intended to apply to evidence received pursuant to IND. CODE § 4–21.5–5–12(a), which permits the addition of evidence which could not, by due diligence, have been discovered and raised in the administrative proceeding giving rise to the proceeding for judicial review, or to minor additions or corrections to the record. As a result, we hold that Seattle did not file an agency record as defined and required by I.C. § 4–21.5–5–13, and the trial court correctly determined that it lacked subject matter jurisdiction over Seattle's petition for review.[2]

Judgment affirmed.

ROBERTSON, J., concurs.

STATON, J., dissents with separate opinion.

STATON, Judge, dissenting.

This case presents an issue of first impression: whether the filing of a petition for judicial review and a copy of the administrative order is a sufficient "record" under IND. CODE § 4–21.5–5–13 (1993). Because the majority dismisses Seattle Painting's petition for lack of subject matter jurisdiction without: (1) allowing for corrections or modifications pursuant to IC § 4–21.5–5–13(g); and (2) determining whether the petition for judicial review and the administrative order are a sufficient manifestation of the error complained of, I dissent.

2.  Seattle also challenges the trial court's determination that it lacked subject matter jurisdiction because the final order attached to Seattle's petition was not an original or certified copy. We agree with Seattle that its photocopy of the agency's original final order is sufficient to satisfy the requirement of an original or certified copy. Ind. Evidence Rule 1003. However, we note that I.C. § 4–21.5–5–13 requires a petitioner to file an original or certified copy of the entire agency record, which we have determined Seattle failed to do.

3.  This court has consistently determined that the time provisions of I.C. § 4–21.5–5–13 are mandatory and a condition precedent to a court acquiring jurisdiction where an appeal or review is sought from an administrative order or determination. See Crowder v. Rockville Training Center, 631 N.E.2d 947 (Ind.Ct.App.1994), trans. denied (failure to file record within statutory time frame

I.

*IC § 4–21.5–5–13*

The majority concludes that because Seattle failed to file any of the documents set forth in IC § 4–21.5–5–13(a), it did not tender an agency record as defined by the statute. At 597. However, the statute does not address the penalty, if any, for failure to tender a complete record and it only warrants dismissal of a petition when the party fails to file the record within the allotted time.[3] *See* IC § 4–21.5–5–13(b). There is no mention anywhere in the statute that the failure to file an *incomplete* record is cause for dismissal.

Additionally, subsection (g) of IC § 4–21.5–5–13 provides:

Additions to the record concerning evidence received under section 12 [IC § 4–21.5–5–12] of this chapter must be made as ordered by the court. The court may require or permit subsequent corrections or additions to the record.

The majority concludes that this subsection was intended only to apply to evidence received pursuant to IC § 4–21.5–5–12(a), which permits the inclusion of additional evidence which could not, by due diligence, have been discovered and raised during the administrative hearing, or for minor additions or corrections. At 597–98. However, I disagree with the majority's interpretation that

jurisdictional defect); *Indianapolis Yellow Cab, Inc. v. Indiana Civil Rights Commission*, 570 N.E.2d 940 (Ind.Ct.App.1991), *trans. denied* (record filed one day late was jurisdictional defect warranting dismissal).

Analyzing the requirements of IC § 4–22–1–14 (the precursor to IC § 4–21.5–5–13), this court has stated:

The person who files a petition for judicial review *must "secure" from the agency a transcript* and "file" it with the reviewing court within 15 days of the filing of the petition for review, or within any authorized extension. *Such requirement is a pre-condition to conferring jurisdiction upon the reviewing court.*

*Drake v. Indiana Natural Resources*, 453 N.E.2d 288, 292 (Ind.Ct.App.1983), *trans. denied.* (Emphasis added.) However, the court makes this statement in the context of a party's failure to file a record after an authorized extension not on the issue of an incomplete record.

subsection (g) applies only in that limited instance.

When interpreting a statute, we must remember a statute is to be construed as a whole, giving the words their common and ordinary meaning and not overemphasizing a strict literal or selective reading of individual words. *Albright v. Pyle,* 637 N.E.2d 1360, 1363 (Ind.Ct.App.1994). Only the first sentence of subsection (g) deals with the additional evidence encompassed by IC § 4–21.5–5–12; the second sentence contains no such limitation. Based upon that distinction, I conclude that the second sentence permits the trial court to require or allow subsequent corrections or additions to the record beyond those situations arising under IC § 4–21.5–5–12. Moreover, the second sentence does not limit such changes to only minor additions or corrections as the majority suggests.

As a result, absent any express statutory language warranting dismissal for failure to tender a complete record *and* in conjunction with the second sentence of subsection (g), the trial court should permit a party to make additions or modifications to the record, prior to entering the harsh result of dismissal of the case for lack of subject matter jurisdiction.

## II.

### *Sufficiency of Tendered Materials*

The Indiana Supreme Court has determined that an incomplete record will not deprive the court of jurisdiction. *See Indiana Real Estate Commission v. Kirkland,* 256 Ind. 249, 268 N.E.2d 105 (1971) (record which was not certified and did not contain a separate copy of the Commission's order was not fatal as to deny the trial court of jurisdiction as contents of the court order were set forth in petition for judicial review). Moreover, the Indiana Supreme Court has recently stated that even where a narrow statutory remedy is given and the assertion of such a remedy must be strictly followed in order for the trial court to obtain jurisdiction, the petitioner has no affirmative duty to do anything more than what is statutorily required. *See Shipshewana Convenience Corp. v. Board of Zoning Appeals of La-Grange County,* 656 N.E.2d 812, 814–815 (Ind.1995) (absent express statutory requirement to do so, party's failure to request order to show cause does not deprive trial court of jurisdiction to entertain appeal).

When reviewing an administrative agency's decision, general rules of appellate procedure are binding upon persons appealing from decisions of administrative agencies and it is the obligation of the appellant to tender a record *sufficient to manifest the error complained of. Ladd v. Review Bd. of Ind. Employment Security Div.,* 150 Ind.App. 632, 276 N.E.2d 871, 875 (1971) (emphasis added) (record which did not contain evidence regarding error complained of should be modified pursuant to Ind. Appellate Rule 7.2(C)).

An incomplete or erroneous record may be corrected through the procedures provided by Ind. Appellate Rule 7.2(C). *Willett v. Review Board,* 632 N.E.2d 736, 740 (Ind.Ct.App.1994), *trans. denied.* The rule states in pertinent part:

> If anything material to either party is omitted from the record or is misstated therein, the trial court shall
>
> (1) either before or after the record is transmitted to the court on appeal, or
>
> (2) upon the order of the court of appeal pursuant to the motion of a party or on its own initiative, correct the omission or misstatement and if necessary certify and transmit a supplemental record. *Incompleteness or inadequacy of the record shall not constitute a ground for dismissal of the appeal or preclude review on the merits.*

(Emphasis added). The intent of App.R. 7.2(C) is to provide a method whereby the parties or the appellate court may correct mistakes or omissions in the record following certification of the record. *Adamson v. Norwest Bank, NA,* 609 N.E.2d 35, 37 (Ind.Ct.App.1993) (quotation omitted).

If the petition for judicial review and the agency's order are a sufficient manifestation of the error complained of, Seattle need not have a duty to transmit any other material in order for the trial court to consider its appeal. *Ladd, supra.* By affirming the trial

court's dismissal the majority ignores this possibility, and contravenes our own rule that "incompleteness and inadequacy of the record shall not constitute a ground for dismissal" and our preference to review a case on its merits.

For these reasons I dissent.