Nichole CLENDENING, Appellant–Petitioner,

v.

INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION, Appellee–Respondent.

No. 54A01–9810–CV–376.

Court of Appeals of Indiana.

Aug. 24, 1999.

Jim Bowlin, Crawfordsville, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Janet Brown Mallett, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

STATON, Judge

Nichole Clendening appeals the dismissal of her petition for judicial review of a final agency action by the Indiana Family and Social Services Administration ("FSSA") denying her medical assistance claim. Clendening raises two issues on appeal, which we consolidate and restate as one: whether the trial court lacked jurisdiction to consider Clendening's petition.

We affirm.

On December 22, 1997, Clendening filed her petition for review of FSSA's final agency action denying her medical assistance claim. The next day, the trial court ordered the record to be filed within thirty days. On February 10, 1998, after the thirty-day time period for submission of the record had expired, Clendening filed a request for an extension of time in which to file the record. The trial court granted the motion and extended the time until April 17, 1998. On April 14, 1998, Clendening requested a second extension, which the trial court granted until May 18, 1998. After this time had elapsed, Clendening filed a third request for an extension on May 26, 1998, the same day she filed the record. The court granted the extension and accepted the record. Subsequently, FSSA filed a motion to dismiss the petition for judicial review on the basis that the trial court lacked jurisdiction to consider it. FSSA argued that the court lacked jurisdiction because the record had not been filed within thirty days of the petition having been filed and Clendening had not requested extensions for filing the record in a timely manner. The trial court dismissed Clendening's petition; Clendening appeals.

Judicial review of agency action is governed by the Administrative Orders and Procedures Act ("AOPA"). The AOPA requires a party who petitions for judicial review to file the agency record within thirty days of filing the petition. IND.CODE § 4–21.5–5–13 (1998). The trial court is required to grant extensions of this time period where good cause is shown. IC 4–21.5–5–13(b). Furthermore, the AOPA provides: "Failure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is cause for dismissal of the petition for review...." *Id.*

It is well-established that the time provisions of IC 4–21.5–5–13 are mandatory and a condition precedent to a court acquiring jurisdiction to consider a petition for judicial review. *Park v. Medical Licensing Bd. of Indiana,* 656 N.E.2d 1176, 1179 (Ind. Ct.App.1995), *trans. denied; Crowder v. Rockville Training Ctr.,* 631 N.E.2d 947, 948 (Ind.Ct.App.1994), *trans. denied; Indianapolis Yellow Cab, Inc. v. Indiana Civil Rights Comm'n,* 570 N.E.2d 940, 942 (Ind.Ct.App. 1991), *trans. denied.* If the petitioner neither files the record within thirty days of filing her petition nor requests or receives an extension within that thirty-day period, the trial court must dismiss the petition for review because it lacks further jurisdiction to consider it. *See Park,* 656 N.E.2d at 1179; *Crowder,* 631 N.E.2d at 948. One day after Clendening filed her petition, the trial court ordered that the record be filed within thirty days. Thus, Clendening had until January 22, 1998 to either file the record or request an extension. Clendening first requested an extension on February 10, 1998. Although the trial court granted this request and subsequent requests for extensions, it was too late. The court lacked jurisdiction and was required to dismiss the appeal.[1]

---

1. Clendening failed to file the record or request an extension during the time period granted following her second request for an extension. This too would have caused the trial court to lose jurisdiction, had it not already lost it as of January 23, 1998.

Clendening argues that *Park, Crowder,* and *Indianapolis Yellow Cab,* among other cases, are not good law regarding whether a trial court is required to dismiss a petition due to the petitioner's failure to file the record in a timely manner. In support of her argument, Clendening refers to changes that have occurred in the statutory law governing judicial review from an agency action.

In 1986, the AOPA was enacted. 1986 Ind. Acts 478–525, P.L. 18–1986. Contemporaneously, the Administrative Adjudication Act ("AAA"), which had governed judicial review of agency decisions, was repealed. 1986 Ind. Acts 524, P.L. 18–1986. IC 4–21.5–5–13, the subject of this case and part of the AOPA, effectively replaced IND.CODE § 4–22–1–14 (Supp.1986), which had been part of the AAA. Clendening contends that the post-1986 cases interpreting IC 4–21.5–5–13, including *Park, Crowder,* and *Indianapolis Yellow Cab,* ultimately rely on earlier interpretations of the repealed IC 4–22–1–14. Furthermore, Clendening contends that IC 4–21.5–5–13 differs significantly from IC 4–22–1–14, and that the AOPA grants a trial court discretion that did not exist under the AAA to consider a petition for judicial review despite the fact that the record, or a request for an extension, has not been timely filed.[2]

IC 4–22–1–14(d) provided in pertinent part:

Any party or person so filing such verified petition for review with such court shall within fifteen (15) days thereafter secure from such agency a certified copy of the transcript of said proceedings before the agency, including the order or administrative adjudication sought to be reviewed, and file the same with the clerk of such court in which such action for review is pending. An extension of time in which to file such transcript shall be granted by said court in which such action for review is pending for good cause shown. Inability to obtain such transcript within time shall be good cause. Failure to file such transcript within said period of fifteen (15) days, or to secure an extension of time

therefor, *shall be cause* for the dismissal of such petition for review by the court or on petition of any party of record to the original proceeding.

(emphasis added). IC 4–21.5–5–13 provides in pertinent part:

(a) Within thirty (30) days after the filing of the petition [for judicial review], *or within further time allowed by the court or by other law,* the petitioner shall transmit to the court the original or a certified copy of the agency record for judicial review of the agency action. . . .

(b) An extension of time in which to file the record shall be granted by the court for good cause shown. Inability to obtain the record from the responsible agency within the time permitted by this section is good cause. Failure to file the record within the time permitted by this subsection, including any extension period ordered by the court, *is cause* for dismissal of the petition for review by the court, on its own motion, or on petition of any party of record to the proceeding.

(emphasis added).

■ First, Clendening places emphasis on the underlined language of IC 4–21.5–5–13(a). She contends that this language, which is not contained in the initial portion of IC 4–22–1–4, grants the trial court unlimited discretion to expand the time within which the record may be filed regardless of the timeliness of a request for an extension. We do not agree. This language refers to the discretion of the court, given in subsection (b), to expand the time for filing the record when a request for an extension has been made within the initial thirty-day period or within the time allotted by a previously granted extension. To interpret this language in a manner that gives the trial court discretion to accept a record at any time would read the time limitations entirely out of the statute, and would conflict with the language of subsection (b), which states that failure to file the record "within the time permitted by this subsection, *including any*

---

**2.** The same argument Clendening presents here was rejected by this court in *Park.* 656 N.E.2d at 1179. We elect to reconsider the argument based on Clendening's argument that *Park* relies on cases that are no longer good law.

*extension period ordered by the court,* is cause for dismissal."

Second, Clendening refers to the fact that the statutory language changed from "Failure to file [the record or to secure an extension in a timely fashion] *shall be cause* for the dismissal of such petition for review . . . ," IC 4–22–1–14 (emphasis added), to "Failure to file the record [or to secure an extension in a timely fashion] *is cause* for dismissal of the petition for review. . . ." IC 4–21.5–5–13 (emphasis added). Clendening contends that substituting the word "is" for "shall be" changed the dismissal portion of the statute from mandatory to merely discretionary. Again, we disagree. By substituting "is" for "shall be," the legislature changed the verb tense from future to present. *See Indiana State Bd. of Medical Registration and Examination v. Pickard,* 93 Ind.App. 171, 177 N.E. 870, 873 (1931) (the word "is" is the third person singular present indicative of the verb "be"). Contrary to Clendening's suggestion, the term "is" does not connote discretion. We conclude that the legislature did not give trial courts greater discretion to extend the time for filing the record under the AOPA than they possessed under the AAA.

Clendening also contends that the trial court was presented with a sufficient record to consider her petition despite the fact that she did not tender a formal record in the allotted time. Clendening cites the dissenting opinion in *Seattle Painting Co. v. Comm'r of Labor,* 661 N.E.2d 596, 598–600 (Ind.Ct.App.1996), *trans. denied* (Staton, J., dissenting), in support of her argument. In that case, the dissent concluded that a petition for judicial review and a copy of the agency's final order could constitute a sufficient manifestation of the error complained of such that a formal record is rendered unnecessary. *Id.* at 599. The dissent concluded that the trial court would not be deprived of jurisdiction to consider the petition in such a case. *Id.*

Assuming the position taken by the dissent in *Seattle Painting* could command a majority, the materials provided by Clendening in her petition for judicial review did not constitute a sufficient manifestation of the

error such that the trial court could have ruled on each of the errors cited in the petition. Clendening argued in her petition for judicial review, *inter alia,* that FSSA's decision was not supported by the evidence. As Clendening did not include a transcript of the evidence in her petition, the trial court could not have reviewed this claim. Therefore, there was not a sufficient manifestation of the error. The trial court did not err by dismissing Clendening's petition due to lack of jurisdiction.

Affirmed.

NAJAM, J., and RUCKER, J., concur.