INDIANA REAL ESTATE COMM., ET AL. *v.* KIRKLAND, ET AL.

[No. 1070S238. Filed April 1, 1971. No petition for rehearing filed.]

*Theodore L. Sendak,* Attorney General, *Robert F. Hassett,* Deputy Attorney General for appellant.

HUNTER, J.—Appellant, the Indiana Real Estate Commission, seeks review of a Lake Superior Court order wherein the court ruled that appellee's real estate broker's license was improperly revoked and ordered it reinstated. On this appeal, appellant argues essentially that the trial court was without jurisdiction over the cause and erred in its findings of fact and conclusions of law. Although appellee was granted an extension of time in which to file a brief, he has failed to do so and this cause is now ripe for our consideration.

The facts that have occasioned this appeal may be stated as follows. It appears from the record that on or about November 9, 1964, the Indiana Real Estate Commission, by its chairman, filed a complaint against Charles Kirkland, appellee, alleging the occurrence of certain acts presumably thought to be grounds for the revocation of his license under Ind. Ann. Stat. § 63-2415 (1961 Repl.) ; specifically, he was charged with a failure to account for and remit certain funds belonging to one William Montgomery. A hearing was had on June 3, 1965, before three members of the Commission and on the basis of the evidence submitted a recommendation was made to the full Commission that appellee's license be revoked. On February 15, 1966, the full Commission revoked appellee's license in accordance with the hearing members' recommendation.

Appellee, on March 9, 1966, filed a verified petition for judicial review in the Lake Superior Court, Room No. 4, sitting at Gary, Indiana. On the same day he filed a verified petition for an order staying the proceedings of the Commission. The trial court immediately stayed the Commission's proceedings pending a final determination on the petition for judicial re-

view. The record discloses that a penal bond was duly posted and transcript filed; appellant, on June 3, 1966, also filed a special appearance and answer in abatement. Additionally, the record indicates that no further action was taken in the case until January 19, 1970, at which time appellant filed a motion to dismiss the appeal for failure to pursue it. The motion was overruled and on July 9, 1970, the court entered its judgment, upon findings of fact and conclusions of law which reads as follows:

"IT IS THEREFORE CONSIDERED, ADJUDGED AND DECREED by the court that said plaintiff [appellee] have and is hereby granted the full restoration of his real estate brokers license."

In light of our conclusion in this case, it will be necessary to amplify upon the facts which constituted the basis for the Commission's order revoking appellee's broker's license. It appears that appellee, in 1959, decided to purchase certain real estate belonging to William Montgomery for ten thousand, five hundred dollars ($10,500). Although the facts are not entirely clear as to how the parties ultimately agreed to finance the purchase, the record contains a signed proposition for the sale of the land which provided that one thousand dollars ($1000) cash was to be paid upon delivery of a good and sufficient warranty deed; the remainder of the purchase price was to come from the following sources: (1) seven thousand, three hundred and fifty dollars ($7,350) proceeds from a first mortgage loan on the property apparently to be made by a local bank; (2) the balance of two thousand, one hundred and fifty dollars ($2,150) was to be carried by Montgomery secured by a second mortgage on the property at six percent payable at fifty dollars ($50) per month.

There is a complete lack of evidence as to how appellee finally in fact arranged to pay for the property. A seven thousand dollar ($7000) first mortgage loan was obtained by appellee from the Gary Federal Savings and Loan Association, but it is not clear to what extent these proceeds were applied

to the purchase price. The evidence also shows that payments were made to Montgomery on his loan secured by the second mortgage but the exact amount of those payments is also unclear.

What is clear is that Montgomery subsequently instituted a suit naming appellee one of the party defendants seeking to have the transaction voided for fraud and undue influence. As a result of that litigation, a judgment was entered against the defendants on March 25, 1963, in the amount of three thousand, five hundred dollars ($3,500), such amount representing monies deemed owing to Montgomery by virtue of the transaction.

It was apparently on the basis of this judgment that the Indiana Real Estate Commission founded its complaint against appellee for its complaint, omitting formal parts, reads as follows:

> "George Cressy, Chairman, Indiana Real Estate Commission, being first duly sworn deposes and says that on or about the 25th day of April, 1963, at Gary, Lake County, Indiana, the defendant Charles Kirkland, he being then and there a duly licensed real estate broker under the laws of the State of Indiana, did, in violation of Subparagraph 1 of Section 15 of the Real Estate License Law of the State of Indiana, fail to account to and remit to one Charles Montgomery certain moneys coming into the possession of said defendant as such broker and belonging to the said William Montgomery, to wit: the sum of $3,500.00 which came into the hands of said defendant from the sale of the premises owned by the said William Montgomery at 2227 Washington Street, Indiana, which sale was procured through the fraud of said defendant, all as was found and adjudged by the Lake Superior Court Room 3, on the 25th day of March, 1963, in Cause No. 362-1288, entitled William Montgomery vs. Charles Kirkland et al, which said judgment remains fully unpaid."

The statute referred to by the complaint reads in pertinent part as follows:

> "The commission shall have the power to regulate the issuance of licenses and to suspend or revoke licenses either on

its own motion or of a member thereof or on complaint of any other person whenever a licensee is alleged to be guilty of any of the following: (1) *Failing to account and remit any moneys coming into his possession belonging to others; . . .*" (our emphasis) Ind. Ann. Stat. § 63-2415 (1961 Repl.)

Although there may have been fraud in the transaction and notwithstanding the fact that the nature of the transaction may have constituted a sufficient basis for the revocation of appellee's license on one of the other eleven grounds enumerated by § 63-2415, we fail to see *any* evidence which would support a finding by the commission that appellee failed to account and remit moneys coming into his possession belonging to another.

That such a finding was the basis of the Commission's revocation cannot be doubted, for their finding reads in part as follows:

### "SPECIAL FINDINGS OF FACTS:

And the Commission having reviewed the evidence and being duly and sufficiently advised in the premises now finds defendant Charles Kirkland guilty of the charges filed with this Commission of violation of sub-paragraph 1 of Section 15 of the Real Estate License Law of the State of Indiana, to wit:

Failing to account to and remit to one William Montgomery certain monies coming into possession of defendant. The sum of $3,500.00 from the sale of premises owned by William Montgomery. The Commission further finds that the recommendation of the hearing members recommending the license of Charles Kirkland be revoked, be adopted."

We are left to wonder, however, as to the precise nature of the evidence thought sufficient by the Commission to sustain its decision. From a reading of the statute above quoted it must be concluded that the Legislature intended as a grounds for revocation the failure to account and remit moneys coming into the possession of the broker belonging to another *where the broker receives the funds as agent for the*

*other,* as for example where the broker is named escrow agent to the transaction. The statute being so interpreted, there is no evidence to support the Commission's finding. It is true that appellee re-sold the property to one Mary Beckman but the proceeds thus received belonged to him as the then owner of the property and were received independently of the transaction with Montgomery. There is nothing in the record to indicate that appellee's financing arrangement with Montgomery provided for an automatic remittance of any proceeds received from a subsequent sale of the property.

It is also true that a judgment was entered against appellee as co-defendant in the sum of three thousand, five hundred dollars ($3500). From the findings of the trial court in that civil action, it would appear that appellee charged Montgomery a broker's fee of five hundred dollars ($500) on the transaction in addition to the five hundred dollar ($500) commission received by real estate broker C. C. Graves, and also credited against the purchase price the bank charges incident to the first mortgage loan obtained on the property approximating four hundred and ninety-two dollars ($492). From the record before us, it is not clear to what extent these amounts were included in arriving at the total sum of the judgment nor does it appear on what facts the balance of the judgment was grounded. Although it may have been fraudulent for appellee to credit the purchase price in the amount of his broker's fee and the bank charges incident to his mortgage loan, these moneys cannot be considered to have come into his possession as contemplated by § 63-2415.

Finally, it is true that the property subject to the transaction was ultimately sold at a sheriff's sale to satisfy the judgment entered in the aforementioned civil action, but there is nothing in the record which would lead one to believe that appellee did or should have received these proceeds on behalf of Montgomery. It is thus apparent that there was *no evidence* indicating that appellee failed "to account and remit any moneys *coming into his possessions belonging to others.*"

We concede that the facts in this case equitably lend themselves to the result reached by the Commission. The Commission, nevertheless is not free to revoke a license upon a complaint filed unless the evidence submitted supports the charge. The decision of the Commission here being unsupported by substantial evidence, it is clear that the trial court, on that point alone, had an adequate basis upon which to set the Commission's order aside under Ind. Ann. Stat. § 63-3018 (1961 Repl.).

Having so determined, we need only consider further appellant's allegation that the trial court acted without jurisdiction. The basis for this contention is that the transcript filed with the trial court was not certified nor did it include a copy of the order of the Commission as required by Ind. Ann. Stat. § 63-3014 (1961 Repl.). Appellant would argue that such requirements must be fulfilled before the jurisdiction of the trial court is properly invoked, citing *Indiana State Personnel Board* v. *Parkman* (1969), 252 Ind. 44, 245 N. E. 2d 153. Initially, we note that a reporter's certificate is included at the back of the transcript, certifying that the foregoing papers are a complete record of the proceedings had before the Commission; clearly, appellant filed a "certified copy of the transcript" as required by § 63-3014. Secondly, we note that appellee's verified petition for judicial review set out the order of the Commission; therefore, his failure to separately include a copy of the order in his transcript can not be considered *fatal* to the court's jurisdiction. Appellant failed to make a motion to dismiss nor did the trial court deem it necessary on its own motion,—and we believe rightly so. The procedural deficiencies in the *Parkman* case were quite different: no verified petition for review was filed; the action was not filed in the county in which he resided or in which the Board determination was to be carried out or enforced; a complete transcript was not filed within fifteen days; and finally, a copy of his petition was not served on the Attorney General. We see no basis in the *Parkman* decision

for here holding appellee's failure to separately include a copy of the Commission's order in the transcript sufficient to deprive the court of jurisdiction when the contents of that order were set out in his verified petition for judicial review.

The trial court having had jurisdiction and there being a sufficient basis for upholding its vacation of the Commission's order, such order clearly being unsupported by substantial evidence, the judgment of the trial court must be affirmed.

Judgment affirmed.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 268 N. E. 2d 105.