**William B. REEDUS, Appellant–Petitioner,**

v.

**INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT, Appellee–Respondent.**

No. 49A02–0808–CV–760.

Court of Appeals of Indiana.

Jan. 30, 2009.

Mary J. Hoeller, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

William B. Reedus ("Reedus") appeals the trial court's dismissal of his appeal from an order of the Indiana State Employees' Appeals Commission ("SEAC"). We affirm.

### Issue

The dispositive issue is whether the trial court erred in dismissing the appeal.[1]

### Facts and Procedural History

After an investigation, the Indiana Department of Workforce Development ("DWD") terminated its employment of Reedus. He contested his termination through a series of procedures for state merit employees. The SEAC's chief administrative law judge ("ALJ") held an evidentiary hearing, issued findings of fact and conclusions of law, and determined that the DWD had proved "an offense severe enough to justify the termination." Appendix at 9. On February 20, 2008, the ALJ issued its "Notice of Final Order," in which it advised that a "person who wishes

---

1. In his brief, Reedus also presents an issue related to the merits of the dispute. We do not consider it.

to seek judicial review must file a petition for review in an appropriate court within 30 days of this notice and must otherwise comply with IC 4–21.5–5." *Id.* at 5.

On March 20, 2008, Reedus filed a "Verified Petition for Judicial Review of Agency Action" ("Petition") with the trial court. *Id.* at 11. Attached were uncertified copies of four documents—DWD's dismissal letter, the ALJ's non-final order with findings and conclusions, the ALJ's final order, and the DWD's witness and exhibit list for the SEAC hearing. The Petition did not include the transcript or exhibits from the hearing. Neither party filed anything else for fifty-five days.

On May 15, 2008, the DWD moved to dismiss the appeal, arguing that Reedus had not filed timely the certified agency record. The trial court entered an Order of Dismissal.

Reedus now appeals the dismissal.

**Discussion and Decision**

Our Supreme Court described the standard of review as follows:

> The standard of appellate review of rulings on motions to dismiss on jurisdictional grounds depends on whether the trial court resolved disputed facts, and if so, whether the trial court conducted an evidentiary hearing or ruled on a paper record. We review de novo a ruling on a motion to dismiss for lack of jurisdiction if the facts are not disputed or, as here, the court rules on a paper record.

*Wayne County Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of Druids–Grove # 29,* 847 N.E.2d 924, 926 (Ind.2006) (internal citations omitted). Here, the parties do not dispute what documents were attached as exhibits to the Petition, or the filing dates of the final order, the Petition, or the motion to dismiss. Accordingly, we review this matter de novo.

To be entitled to review of a final agency action under the Administrative Orders and Procedures Act ("AOPA"), a person must comply with Indiana Code Section 4–21.5–5–13, among others.[2] Ind.Code § 4–21.5–5–2(b)(4).

(a) Within thirty (30) days after the filing of the petition, or within further time allowed by the court or by other law, the petitioner shall transmit to the court the original or a certified copy of the agency record for judicial review of the agency action, consisting of:

(1) any agency documents expressing the agency action;

(2) other documents identified by the agency as having been considered by it before its action and used as a basis for its action; and

(3) any other material described in this article as *the agency record for the type of agency action at issue,* subject to this section.

(b) An extension of time in which to file the record shall be granted by the court for good cause shown. Inability to obtain the record from the responsible agency within the time permitted by this section is good cause. *Failure to file the record within the time permitted* by this subsection, including any extension period ordered by the court, *is cause for dismissal* of the petition for review by the court, on its own motion, or on petition of any party of record to the proceeding.

(c) Upon a written request by the petitioner, the agency taking the action being reviewed shall prepare the agency record for the petitioner. If

**2.** AOPA applies to the SEAC's review of personnel actions. Ind.Code § 4–21.5–2–5(4).

part of the record has been preserved without a transcript, the agency shall prepare a transcript for inclusion in the record transmitted to the court, except for portions that the parties to the judicial review proceeding stipulate to omit in accordance with subsection (e)

. . . .

(e) By stipulation of all parties to the review proceedings, the record may be shortened, summarized, or organized.

(f) The court may tax the cost of preparing transcripts and copies for the record:

(1) against a party to the judicial reviewing proceeding who unreasonably refuses to stipulate to shorten, summarize, or organize the record. . . .

Ind.Code § 4–21.5–5–13 ("AOPA 5–13") (emphases added). A related statute limits the agency record to certain defined items.

(a) An agency shall maintain an official record of each proceeding under this chapter.

(b) The agency record of the proceeding *consists only* of the following:

(1) Notices of all proceedings.

(2) Any prehearing order

(3) Any motions, pleadings, briefs, petitions, requests, and intermediate rulings.

(4) Evidence received or considered.

(5) A statement of matters officially noticed.

(6) Proffers of proof and objections and rulings on them.

(7) Proposed findings, requested orders, and exceptions.

(8) The record prepared for the administrative law judge or for the ultimate authority or its designee under sections 28 through 31 of this chapter, at a hearing, and any transcript of the record considered before final disposition of the proceeding.

(9) Any final order, nonfinal order, or order on rehearing.

(10) Staff memoranda or data submitted to the administrative law judge or a person presiding in a proceeding under sections 28 through 31 of this chapter.

(11) Matters placed on the record after an ex parte communication.

(c) Except to the extent that a statute provides otherwise, the agency record described by subsection (b) constitutes *the exclusive basis* for agency action in proceedings under this chapter and for judicial review of a proceeding under this chapter.

Ind.Code § 4–21.5–3–33 ("AOPA 3–33") (emphases added).

■ The DWD asserts that Reedus failed to follow the procedure for seeking review of an administrative decision. This issue predates AOPA. *See, e.g., Ind. Real Estate Comm'n v. Kirkland,* 256 Ind. 249, 268 N.E.2d 105, 108 (1971). In *Kirkland,* our Supreme Court concluded that the trial court had jurisdiction to consider an appeal from a state commission, despite the fact that Kirkland filed a transcript, certified by a court reporter but not the agency. Furthermore, the appealed order was attached to the verified petition, but not attached to the transcript. The *Kirkland* Court saw no basis for "holding appellee's failure to separately include a copy of the Commission's order in the transcript sufficient to deprive the court of jurisdiction when the contents of that order were set out in his verified petition for judicial review." *Id.* at 108–09.

For some time, this Court analyzed the issue as relating to the trial court's subject matter jurisdiction. *See Ind. State Bd. of Educ. v. Brownsburg Cmty. Sch. Corp.,* 813 N.E.2d 330, 333–34 (Ind.Ct.App.2004) (concluding trial court lacked subject matter jurisdiction because the petitioner did not seek the agency record until almost two months after filing its petition); and *Seattle Painting Co. v. Comm'r of Labor,* 661 N.E.2d 596, 597–98 (Ind.Ct.App.1996) (holding trial court lacked subject matter jurisdiction because only a portion of the record was filed), *trans. denied.*

A series of relevant decisions was then handed down in 2006. In February 2006, this Court reasoned that the issue was one of jurisdiction over the case, not subject matter jurisdiction. *Ind. State Bd. of Health Facility Admins. v. Werner,* 841 N.E.2d 1196, 1206 (Ind.Ct.App.2006), *clarified on reh'g, trans. denied,* 860 N.E.2d 591 (Ind.2006). In May 2006, our Supreme Court confirmed that,

> [t]he timing of filing the agency record implicates neither the subject matter jurisdiction of the Tax Court nor personal jurisdiction over the parties. Rather, it is jurisdictional only in the sense that it is a statutory prerequisite to the docketing of an appeal in the Tax Court.

*Wayne County,* 847 N.E.2d at 926. A month later, in a juvenile delinquency case, our Supreme Court stated that "phrases recently common to Indiana practice, like 'jurisdiction over a particular case,' confuse actual jurisdiction with legal error, and we will be better off ceasing such characterizations." *K.S. v. State,* 849 N.E.2d 538, 540 (Ind.2006). Finally, our Supreme Court held that an objection to the timely filing of a record can be waived. *Packard v. Shoopman,* 852 N.E.2d 927, 932 (Ind. 2006).

> Timely filing relates to neither the merits of the controversy nor the competence of the court to resolve it. Permitting a party to raise such a claim after years of litigation is wasteful of judicial resources and expensive for the parties. In the worst case it provides an incentive to gaming the litigation process by waiting to see which way the wind is blowing before playing a trump card.

The Tax Court relied on pre-*K.S.* authority which held that objections to "jurisdiction over the particular case" must be raised at the "earliest opportunity" to conclude that an objection to timeliness must be raised at the earliest opportunity or else it is waived.

*Id.* Thus, the relevant common law changed dramatically in a single year.

In response, this Court has issued decisions evidencing somewhat divergent views on how to analyze the documents filed by a petitioner. In *Izaak Walton,* the Department of Natural Resources ("DNR") issued a permit. On appeal, an administrative law judge ("ALJ") of the Natural Resources Commission ("NRC") granted partial summary judgment, but held an evidentiary hearing on the remaining issue. After the NRC adopted the ALJ's order, the Izaak Walton League filed a verified petition for judicial review, submitted a written request to the NRC for specific items, and filed those documents with the trial court. The DNR moved alternatively to dismiss for lack of jurisdiction, or to supplement the record that had been filed by the petitioner. The *Izaak Walton* Court reversed the trial court's dismissal of the appeal. *Izaak Walton League of Am., Inc. v. DeKalb County Surveyor's Office,* 850 N.E.2d 957, 963–66 (Ind.Ct.App.2006), *reh'g denied, trans. denied.*

The Izaak Walton League had filed with the trial court: the NRC's final order, the complete transcript, and the exhibits. The

filing did not include notices, any prehearing orders, motions, or pleadings, which the statute defines as part of the agency record. I.C. § 4–21.5–3–33(b)(1–3). The majority in *Izaak Walton* held that,

> motions and intermediate rulings, along with recognition of proper notice and resolution of prehearing orders, are referenced in the NRC's final order. Particularly under the circumstances, where none of the intermediate rulings are being challenged and there is no claim of inadequate notice, this was sufficient to satisfy the requirements of subsections (b)(1), (2), and (3).

*Id.* at 966. It reasoned as follows:

> The record must include all that is necessary in order for the reviewing court to accurately assess the challenged agency action. . . .
>
> We do not believe the purpose of the statutes is to require inclusion of irrelevant and/or superfluous documents or materials as part of the agency record for purposes of judicial review. We also do not believe that the statutes are intended to operate automatically as a "trap" for litigants who fail to include materials as part of the agency record that the agency later claims should have been included. There is, quite properly, a judicial preference for deciding cases on their merits, rather than dismissing them because of some minor or irrelevant technical defect. An overly strict reading of [AOPA 3–33 and AOPA 5–13] as requiring the filing of an agency record that includes multiple documents not related to the issue presented in the petition for judicial review would not serve public convenience and, in fact, would create hardship and inconvenience.

*Id.* at 965 (citation omitted). Judge Mathias dissented, concluding that the General Assembly had already defined in AOPA 3–

33 the documents essential for review. *Id.* at 968–69.

Since this Court's decision in *Izaak Walton,* we have twice affirmed a trial court's dismissal of an administrative appeal because the petitioner failed to file an appropriate record. In *Wrogeman v. Roob,* we affirmed the trial court's dismissal as the petitioner had not filed the transcript upon which the ALJ had relied. *Wrogeman v. Roob,* 877 N.E.2d 219, 222–23 (Ind.Ct.App. 2007), *trans. denied.* In another case, we affirmed the dismissal because the petitioner's filing "include[d] none of the evidentiary record relied on by the ALJ." *MicroVote Gen. Corp. v. Ind. Sec'y of State,* 890 N.E.2d 21, 27 (Ind.Ct.App.2008), *trans. denied.* In a footnote, the *MicroVote* Court noted "the split of authority" on this issue. *Id.* at n. 1.

 In light of the recent developments in the common law and the recognized split in authority on how to analyze the adequacy of a petitioner's filings, we review AOPA 3–33 and AOPA 5–13. In interpreting a statute, our goal is to give effect to the General Assembly's intent. *Porter Dev., LLC v. First Nat'l Bank of Valparaiso,* 866 N.E.2d 775, 778 (Ind. 2007). Where a statute is unambiguous, we read words and phrases for their plain and ordinary meaning. *Id.*

Chapter 3 of AOPA establishes the process for administrative judicial proceedings and defines the functions of an ALJ. Specifically, Subsection (a) of AOPA 3–33 mandates an agency to maintain an official record of each proceeding. Subsection (c) provides that the agency record is the "exclusive basis" for administrative judicial decisions and appellate review of them. Subsection (b) comprehensively defines the list in a manner designed to include all things, procedural and substantive, potentially relevant to a decision. Simultaneously, Subsection (b) excludes from the

agency record all things not relevant to a decision by providing that the agency record "consists only" of the items listed. Thus, the General Assembly sought to broadly define the record while still excluding extrinsic public comment and submissions. AOPA 3–33(b), reproduced above, includes effectively each and every piece of paper that could be generated in a judicial proceeding.

AOPA Chapter 5 is the exclusive means for judicial review of an agency action. Ind.Code § 4–21.5–5–1. Under AOPA 5–13, the petitioner must timely file the agency's orders, the documents upon which the agency relied in issuing the orders, and "any other material described in this article as the agency record for the type of agency action at issue, subject to this section." I.C. § 4–21.5–5–13(a)(1–3). The quoted language incorporates the expansive definition of the agency record in AOPA 3–33. Nonetheless, the phrase "the agency record *for the type of agency action at issue*" reveals the General Assembly's practical recognition that not everything listed in AOPA 3–33(b) would necessarily exist or be relevant to the disputed action. Furthermore, AOPA 5–13(e) provides that the parties can stipulate to shorten, summarize, or organize the record. In fact, under AOPA 5–13(f), the trial court can tax a party for unreasonably refusing to so stipulate. Accordingly, the General Assembly made clear that it expected parties to delineate the pertinent documents, rather than flooding a trial court with the entirety of an agency's file.

Finally, and perhaps most significantly, the failure to comply with the filing requirement "is cause for dismissal." AOPA 5–13(b). There is a significant difference between "cause for dismissal" and "shall dismiss." Our review indicates that the phrase "shall dismiss" appears in at least forty-four statutes. When the General Assembly wants to use this phrase, making dismissal mandatory, it does so. By contrast, the phrase "cause for dismissal" appears in only three statutes—AOPA 5–13(b) and two statutes related to government employment. *See* Ind.Code § 10–14–3–26(b) (prohibiting political affiliation as a cause for dismissal of emergency management employees) and Ind.Code § 20–28–8–7 (concerning termination of school superintendents). Employment law made "cause for dismissal" part of the American lexicon, and therefore part of the General Assembly's lexicon. Selection of this language reflects the intention to allow the trial court some leeway in deciding whether to dismiss an appeal—just as an employer would have reason, but not a mandate, to terminate a wrong-doing employee.

■ Cause is defined as "1. Something that produces an effect or result ... 2. A ground for legal action" and "1b. a reason or motive for an action or condition." Black's Law Dictionary 212–13 (7th ed.1999); and Webster's Third New Int'l Dictionary 356 (2002). Failure to comply strictly with AOPA 3–33 and AOPA 5–13 is a reason for dismissal, suggesting that the trial court could find reasons not to dismiss. Thus, by using "cause for dismissal" rather than "shall dismiss," we conclude that the General Assembly intended to empower, *but not require*, a trial court to dismiss an appeal.

Frequently, this issue matches a citizen against his state government, which is well-versed in the ways of its own administrative adjudications and the keeper of the relevant documents. Within the context of Due Process, a hyper-formalistic filing requirement is inappropriate, especially when a person has already filed timely a verified petition.

Under a strict application of AOPA, there would exist the potential for a state agency to be intentionally slow and uncooperative in producing a complete record, in hopes of securing a dismissal. In *Izaak Walton,* the Natural Resources Commission produced the specific documents the petitioner had requested in writing. Subsequently, the Office of the Attorney General argued diligently that the filing of those same documents, and not more, caused the trial court to lack jurisdiction. We recognize the challenge of coordinating the efforts of agencies responsible to different elected officials. Nonetheless, the State's collective actions in *Izaak Walton* smacked of the fox guarding the hen house. Also as discussed in *Izaak Walton,* it would be a waste of resources to require the filing of irrelevant documents, potentially including notices, prehearing orders, every filing by every party, and documents relating to resolved issues. It is hard to imagine that the General Assembly intended these results.

On appeal, Reedus argues that the transcript and exhibits were not necessary for review of the ALJ's decision. However, in his Petition to the trial court, Reedus asserted that the ALJ's decision was "unsupported by substantial evidence." App. at 13. AOPA 5–13(a)(2) requires the filing of "other documents identified by the agency as having been considered by it before its action and used as a basis for its action." It is clear from the ALJ's order that he relied on the testimony in making his findings. Therefore, the filing of the evidence was explicitly required by AOPA 5–13(a)(2). Reedus' Petition was inadequate.

### Conclusion

The trial court did not abuse its discretion in dismissing the Petition.

Affirmed.

BARNES, J., concurs.

MATHIAS, J., concurs in result with opinion.

MATHIAS, J., concurring in result.

I concur in result but respectfully disagree with the majority's conclusion that a trial court may exercise its discretion in deciding whether to allow a petition for judicial review if the agency record is not filed in accordance with Indiana Code section 4–21.5–5–13. The timely and complete filing of the agency record is a condition precedent to the acquisition of jurisdiction to consider a petition for judicial review. Therefore, for the reasons expressed in *Indiana State Board of Education v. Brownsburg Community School Corp.,* 813 N.E.2d 330 (Ind.Ct.App.2004) and *Izaak Walton League of America, Inc. v. DeKalb County Surveyor's Office,* 850 N.E.2d 957 (Ind.Ct.App.2007), *trans. denied* (Mathias J., dissenting), I concur in result.