Rachel MOSCO, Appellant–Petitioner,

v.

**INDIANA DEPARTMENT OF CHILD SERVICES, Appellee–Respondent.**

No. 43A03–0907–CV–312.

Court of Appeals of Indiana.

Nov. 17, 2009.

Rehearing Denied Jan. 26, 2010.

Jay L. Lavender, Lavender & Bauer, P.C., Warsaw, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorney for Appellee.

**OPINION**

RILEY, Judge.

## STATEMENT OF THE CASE

Appellant–Petitioner, Rachel Mosco (Mosco), appeals the trial court's dismissal of her Petition for Judicial Review. We affirm.

## ISSUES

Mosco raises two issues for our review, which we restate as:

(1) Whether Mosco substantially complied with the statutory requirements of the Administrative Orders and Procedures Act (AOPA); and

(2) Whether the trial court had discretion to maintain subject matter jurisdiction by granting her an extension of time.

## FACTS AND PROCEDURAL HISTORY

Mosco was a licensed child care worker for her mother's daycare facility located in Pierceton, Indiana. On September 9, 2007, the Kosciusko County Department of Child Services Office (DCS) received a report alleging that Mosco had spanked T.C., a child at the daycare, on her bare bottom leaving a welt in the shape of a hand print. On August 28, 2008, a DCS investigation resulted in a determination of substantiated abuse. Mosco was notified of the determination and was afforded the opportunity to request an administrative review of the matter.

On December 9, 2008, a hearing was held before an administrative law judge (ALJ). On February 15, 2009, the ALJ entered Findings of Fact and Conclusions of Law and found that "the DCS was persuasive, by a preponderance of evidence, in demonstrating that the alleged victim, [ ], was a child in need of services in accordance with [Ind.Code § 31–34–1–2]." (Appellant's App. p. 16). Mosco was notified that the determination was a final agency action, and that if she was dissatisfied with the decision, she could file a

petition for judicial review within 33 days from February 15, 2009.

On March 20, 2009, Mosco filed a petition for judicial review. On April 1, 2009, the DCS filed a motion for enlargement of time to respond to Mosco's verified petition for judicial review, imposing a new deadline of May 18, 2009. On May 7, 2009, the DCS filed a motion to dismiss, arguing that Mosco failed to comply with the Administrative Orders and Procedures Act. Mosco responded on May 22, 2009. On May 29, 2009, the trial court held a hearing and subsequently granted DCS's motion and entered its Order of Dismissal, with prejudice.

Mosco now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

The standard of appellate review for rulings on motions to dismiss on jurisdictional grounds depends on whether the trial court resolved disputed facts, and if so, whether the trial court conducted an evidentiary hearing or ruled on a paper record. *Hoagland v. Town of Clear Lake Bd. of Zoning Appeals,* 871 N.E.2d 376, 380 (Ind.Ct.App.2007). Our review is *de novo* on a motion to dismiss for lack of jurisdiction if the facts are not disputed or the court rules on a paper record. *GKN Co. v. Magness,* 744 N.E.2d 397, 401 (Ind. 2001).

### II. *Substantial Compliance*

■ Mosco contends that she substantially complied with the filing requirements of I.C. § 4–21.5–5–13. In particular, she asserts that the attachments to her petition for judicial review, including the ALJ's Notice of hearing Decision and two reference letters, were sufficient to permit judicial review.

Judicial review of an agency action is governed by the AOPA. *See* I.C. § 4–21.5–5–1. Chapter 5 of AOPA provides the "exclusive means for judicial review of an agency action." I.C. § 4–21.5–5–1. An aggrieved person may seek judicial review of a final agency action by filing a petition with the trial court. To be entitled to review of a final agency action under the AOPA, a person must comply with I.C. § 4–21.5–5–13, which requires, in relevant part:

(a) Within thirty (30) days after the filing of the petition, or within further time allowed by the court or by other law, the petitioner shall transmit to the court the original or certified copy of the agency record for judicial review of the agency action, consisting of:

(1) any agency documents expressing the agency action;

(2) other documents identified by the agency as having been considered by it before its action and used as a basis for its action; and

(3) any other material described in this article as the agency record for the type of agency action at issue, subject to this section.

(b) An extension of time in which to file the record shall be granted by the court for good cause shown.... *Failure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is cause for dismissal of the petition for review by the court,* or on petition of any party of record to the proceeding.

(c) Upon a written request by the petitioner, the agency taking the action being reviewed shall prepare the agency record for the petitioner....

(Emphasis added). Pursuant to I.C. § 4–21.5–3–33(b), the agency record is limited to certain defined items:

    (a) A agency shall maintain an official record of each proceeding under this chapter.

    (b) The agency record of the proceeding consists only of the following:

        (1) Notices of all proceedings.

        (2) Any prehearing order.

        (3) Any motions, pleadings, briefs, petitions, requests, and intermediate rulings.

        (4) Evidence received or considered.

        (5) A statement of matters officially noticed.

        (6) Proffers of proof and objections and rulings on them.

        (7) Proposed findings, requested orders, and exceptions.

        (8) The record prepared for the administrative law judge or the ultimate authority of its designee....

        (9) Any final order, nonfinal order, or order on rehearing.

        (10) Staff memoranda or data submitted to the administrative law judge or a person presiding in a proceeding under sections 28 through 31 of this chapter.

        (11) Matters placed on the record after an ex parte communication.

    (c) Except to the extent that a statute provides otherwise, the agency record described by subsection (b) constitutes the exclusive basis for agency action in proceedings under this chapter and for judicial review of a proceeding under this chapter.

In support of her argument, Mosco directs our attention to *Indiana Real Estate Comm'n v. Kirkland*, 256 Ind. 249, 268 N.E.2d 105 (Ind.1971). She argues that we should apply the "precedent set forth in *Kirkland*, where under certain circumstances, failure to include a portion of the agency record does not deprive the trial court jurisdiction." (Appellant's Br. p. 6). In *Kirkland*, our supreme court held that the trial court had jurisdiction to consider an appeal from a state commission, despite the fact that Kirkland merely filed a transcript certified by a court reporter but not the agency. *Id.* at 108. *See also Izaak Walton League of America, Inc. v. DeKalb County Surveyor's Office*, 850 N.E.2d 957, 965 (Ind.Ct.App.2006), *reh'g denied, trans. denied* (holding that strict compliance with the requirements of I.C. § 4–21.5–5–13 was not necessarily required where the appellant failed to include notices, prehearing orders, motions or pleadings with its petition for judicial review).

However, we find the facts of this case to be more like *Indiana State Bd. of Educ. v. Brownsburg Cmty. School Corp.*, 813 N.E.2d 330 (Ind.Ct.App.2004), where Brownsburg filed a petition for judicial review and attached a copy of the Indiana State Board of Education's final order, Brownsburg's response to the ALJ's proposed final order, and documentary exhibits. *Id.* at 334–35. We concluded Brownsburg's timely filing did not constitute an adequate record for the petition for judicial review, as it had omitted several documents required under I.C. § 4–21.5–3–33(b). *Id.*

Similarly, in *Reedus v. Indiana. Dept. of Workforce Dev.*, 900 N.E.2d 481, 482–83 (Ind.Ct.App.2009), Reedus filed a petition for judicial review and attached uncertified copies of documents—the Department of Workforce Development's (DWD) dismissal letter, the ALJ's non-final order with findings and conclusions, the ALJ's final order, and the DWD's witness and exhibit list. Reedus did not include the transcript or exhibits from the hearing. *Id.* at 483. The *Reedus* court stated that while "[w]e

do not believe the purpose of the statutes is to require inclusion of irrelevant and/or superfluous documents or materials as part of the agency record for purposes of judicial review," because Reedus argued that the ALJ's decision was "unsupported by the evidence," the transcript was necessary under I.C. § 4–21.5–5–13(a)(2) to help the reviewing court determine what the ALJ relied on when making findings. *Id.* at 488.

Here, Mosco attached to her petition for judicial review the Notice of Hearing with the Findings of Fact and Conclusions of Law and two reference letters. However, other than the Notice of Hearing, Mosco's initial filing did not include any "documents identified by the agency as having been considered by it before its action and used as a basis for its action" or any "other material described as this article as the agency record." I.C. § 4–21.5–5–13(a)(2) and (3). In the Conclusions of Law, the ALJ's determination was based "[u]pon a review of the hearing testimony and the admitted exhibits." (Appellant's App. p. 16). Thus, in order for the trial court to review the ALJ's findings, Mosco's agency record needed to include the transcript of the hearing and the admitted exhibits, as they were specifically relied upon by the ALJ in making the ruling.

In addition, Mosco also argues that the AOPA filing requirements are a "trap" for litigants, "especially when a person has already filed timely a verified petition." (Appellant's Br. p. 8).

This court has recognized that under strict compliance with the AOPA, there exists the potential of a state agency, as custodian of the agency record, to be "intentionally slow and uncooperative in producing a complete record, in hopes of securing a dismissal." *Reedus,* 900 N.E.2d at 487–88. Moreover, the legislature anticipated the possibility that the agency

record would not always be readily accessible and therefore provided for the failure of the agency to timely prepare the record by allowing the litigant to request an extension of time to file the record. I.C. § 4–21.5–5–13(b).

■ However, once it became clear that DCS would not be able to prepare the agency record within the thirty-day window, we believe that the onus was on Mosco to request an extension, which she did not do. Thus, we cannot say that the AOPA is a "trap" for litigants or is fundamentally unfair.

### III. *Subject Matter Jurisdiction*

Mosco contends that the trial court did not lose subject matter jurisdiction when she failed to file the entire agency record because the language of I.C. § 4–21.5–5–13 does not mandate automatic dismissal for procedural error.

Indiana Code section 4–21.5–5–13(a) states, "[w]ithin thirty days after filing of the petition, or within further time allowed by the court or by other law, the petitioner shall transmit to the court the original or certified copy of the agency record for judicial review of the agency action...." An extension of time in which to file the agency record shall be granted by the trial court for good cause. I.C. § 4–21.5–5–13(a). The statute further provides that failure to file the agency record within the time permitted, including any extension period ordered by the court, is "cause for dismissal" of the petition for review by the trial court. I.C. § 4–21.5–5–13(b).

Recently, this court has determined that because the General Assembly used the words "cause for dismissal" rather than "shall dismiss" when drafting I.C. § 4–21.5–5–13(b), "the General Assembly intended to empower, *but not require,* a trial

court to dismiss an appeal."[1] *Reedus,* 900 N.E.2d at 487 (emphasis in original). Despite granting discretion to the trial court, the *Reedus* court nevertheless found that because the ALJ relied on testimony in making his findings, the filing of the transcript was explicitly required by I.C. § 4–21.5–5–13(a)(2), thus Reedus' petition was inadequate. *Id.* at 488.

Notwithstanding discretion of the trial court, for the reasons stated above, we hold that the transcript was necessary in this case because the ALJ specifically relied upon the testimony in making his determination.

## CONCLUSION

Based on the foregoing, we conclude: (1) Mosco did not substantially comply with the AOPA; (2) the trial court had discretion to dismiss her case.

Affirmed.

BAKER, C.J., and FRIEDLANDER, J., concur.

---

1. Cause is defined as "1. Something that produces an effect or result ... 2. A ground for legal action." And "1b. a reason or motive for an action or condition." BLACK'S LAW DICTIONARY 212–13 (7th ed.1999); and WEBSTER'S THIRD NEW INT'L DICTIONARY 356 (2002). Failure to comply strictly with I.C. § 4–21.5–3–33 and I.C. § 4–21.5–5–13 is a reason for dismissal, suggesting that the trial court could find reasons not to dismiss. *Id.*