## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 31 2017, 9:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jonathan M. Young
Law Office of Jonathan M. Young, P.C.
Newburgh, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Andrea E. Rahman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy L. Doss, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Indiana Department of Child Services, <br> *Appellee-Respondent.* | May 31, 2017 <br><br> Court of Appeals Case No. 87A04-1609-PL-2095 <br><br> Appeal from the Warrick Superior Court <br><br> The Honorable J. Zach Winsett, Judge <br><br> Trial Court Cause No. 87D01-1512-PL-1677 |

**Pyle, Judge.**

## Statement of the Case

Timothy L. Doss ("Doss") appeals the trial court's order that: (1) granted the Indiana Department of Child Services's ("DCS") motion to dismiss Doss's petition for judicial review based on his failure to comply with the Indiana Administrative Orders and Procedures Act's ("AOPA") requirement that a petitioner must file a copy of the agency's record, or an extension, within thirty days of filing his petition; and (2) granted DCS's motion to quash Doss's subpoena duces tecum. Doss argues that the trial court erred in both rulings. Because our Indiana Supreme Court has held that a petitioner's failure to timely file the agency record or an extension results in dismissal of a petitioner's petition for judicial review and because Doss has not shown that the trial court erred in its ruling on the motion to quash, we affirm the trial court's order.

We affirm.

## Issues

1. Whether the trial court erred by granting DCS's motion to dismiss.

2. Whether the trial court erred by granting DCS's motion to quash Doss's subpoena.

## Facts[1]

In September 2014, DCS received a report that Doss had sexually molested his two-year-old grandson, and, after an investigation, DCS substantiated the

---

[1] We note that, contrary to Indiana Appellate Rule 50(A)(2), Doss has failed to include all necessary documents in his Appellant's Appendix. For example, he failed to include the chronological case summary,

allegation. Thereafter, Doss challenged DCS's substantiated abuse finding through an administrative hearing before an DCS administrative law judge ("ALJ"). After holding hearings on September 4 and October 26, 2015, the ALJ issued a hearing decision ("Agency Decision") on November 20, 2015 and affirmed "the determination of DCS to substantiate child sexual abuse" against Doss. (Doss's App. Vol. 2 at 16).

[4] On December 21, 2015, Doss, by counsel, filed a petition for judicial review with the trial court in Warrick County to challenge the Agency Decision. Within one of the paragraphs in his petition—and not as a separate request to DCS—Doss requested that DCS provide him with the agency record within thirty days pursuant to INDIANA CODE § 4-21.5-5-13, the AOPA statute relating to transmittal of an agency record ("Section 13"). Pursuant to this statute, Doss was required to file a certified copy of the agency record, or an extension of time to file the record, by January 20, 2016. Attached to the petition was an uncertified copy of the Agency Decision. The petition did not include the transcript from or the twenty-seven exhibits admitted during the agency hearing.

[5] On January 13, 2016, DCS sent a letter ("DCS's January 13th letter") to Doss's counsel to inform Doss that DCS had received Doss's petition for judicial review on January 12, 2016. In its letter, DCS explained the process for obtaining the agency record and the transcript of the administrative hearings.

the trial court's order being appealed, and other relevant pleadings. DCS, however, has provided our Court with the omitted documents in its Appellee's Appendix.

Specifically, DCS informed Doss that it did not transcribe administrative hearings in-house and that it would either: (1) outsource the transcription to a company of DCS's choosing; or (2) send a CD of the hearings to a transcriptionist of Doss's choice. DCS also informed Doss that, upon either choice, the completed transcript would be sent to DCS for verification and certification before it and the certified record would be sent to Doss.

[6] On January 18, 2016—two days before Doss was required to file the agency record—Doss sent DCS a letter ("Doss's January 18th letter), indicating his personal choice of a transcriptionist ("Doss's transcriptionist"). On January 21, 2016, a DCS employee, Elizabeth Giblin ("Giblin"), sent an email ("DCS's January 21st email") to Doss's transcriptionist to notify her that Giblin was sending the CD of the hearings via FedEx ground service. Giblin carbon copied ("Cc'd") Doss's attorney on this email to Doss's transcriptionist. A few days later, on January 27, 2016, Giblin sent a follow-up email ("DCS's January 27th email") to Doss's transcriptionist to verify that she had received the CD on January 25, 2016, as was indicated by the FedEx tracking. Again, Giblin Cc'd Doss's attorney on this email to Doss's transcriptionist.

[7] On February 3, 2016, DCS filed a response to Doss's judicial review petition. In its response, DCS asserted that Doss's petition was "not meritorious," and it "expressly reserve[d] all rights and defenses under AOPA and all applicable law." (Doss's App. Vol. 2 at 20).

[8] Shortly thereafter, on February 16, 2016, DCS filed a motion to dismiss Doss's petition for judicial review. Citing to the Indiana Supreme Court's opinions in *Teaching Our Posterity Success, Inc. v. Ind. Dep't of Educ.*, 20 N.E.3d 149 (Ind. 2014) (hereinafter, "*TOPS*") and *First Am. Title Ins. Co. v. Robertson*, 19 N.E.3d 757 (Ind. 2014), *amended on reh'g,* 27 N.E.3d 768 (Ind. 2015), DCS argued that Doss's failure to timely file either the certified agency record or a request for an extension of time prior to January 20, 2016 required the dismissal of his judicial review petition.

[9] On March 15, 2016, Doss filed a response to DCS's motion to dismiss. Doss attached to his response a copy of the following documents as exhibits: (1) DCS's January 13th letter; (2) Doss's January 18th letter; (3) DCS's January 21st email; and (4) DCS's January 27th email. In his response, Doss argued that dismissal under the AOPA statute was discretionary and not mandatory. He asserted that he had made a down payment for the transcript and that his transcriptionist had informed him that the transcript would be ready within two weeks. Additionally, Doss asserted that DCS's motion to dismiss was "akin" to a motion for default judgment and argued that he should not be found in default because his failure to file the agency record was due to a "trap" set by DCS that had sole control over the record. (DCS's App. Vol. 2 at 16).

[10] Subsequently, on April 12, 2016, DCS filed a reply in support of its motion to dismiss. DCS noted that Doss had "fail[ed] to acknowledge his statutory requirement to timely file the agency record or otherwise seek an extension[.]" (DCS's App. Vol. 2 at 24). DCS also pointed out that Doss had failed to

dispute the Indiana Supreme Court's opinions that established a "bright line" rule for a judicial review petitioner's compliance with the thirty-day deadline for filing an agency record or an extension of time. (DCS's App. Vol. 2 at 24, 26).

[11] The trial court then set a hearing on the motion to dismiss. Thereafter, on June 13, 2016, Doss filed a subpoena duces tecum ("subpoena") to be served on DCS employee Giblin. In the subpoena, Doss sought to have Giblin bring the following documents to the motion to dismiss hearing: "Certified copies of any and all communications, electronic or written, with any and all court reporters, the [sic] Doss's counsel, or any other third parties." (Doss's App. Vol. 2 at 36).

[12] DCS then filed a motion to quash Doss's subpoena pursuant to Trial Rule 45(B). DCS argued, in part, that the subpoena was "unreasonable and oppressive" because the material sought was outside of the agency record and not relevant to the motion to dismiss. (Doss's App. Vol. 2 at 32). DCS also asserted that "[a]ny additional correspondence between [Doss], his counsel, and DCS [wa]s wholly improper to consider at a hearing limited to [Doss's] failure to comply with the statutory mandates of AOPA." (Doss's App. Vol. 2 at 32).

[13] On August 10, 2016, the trial court held a hearing on DCS's motion to dismiss Doss's judicial review petition. It also considered DCS's motion to quash Doss's subpoena. During the hearing, the parties presented only argument, which mirrored the arguments in their respective pleadings on the motion to dismiss. Doss acknowledged that he did not timely file the agency record within the required thirty-day period, but he did not acknowledge the statutory

AOPA provision that required him to file an extension within that same thirty-day period when he was unable to file the record within the required time period. Instead, he blamed DCS for his failure to file the agency record, arguing that DCS had "walked" Doss into a "trap" and "d[id]n't want [him] to have a fair day in court." (Tr. Vol. 2 at 7). Doss also blamed Giblin and DCS for not telling him that he should ask for an extension, and he blamed the trial court clerk for an initial delay in issuing Doss's petition for judicial review to DCS. Additionally, Doss argued that the trial court should find that DCS had waived any right to file a motion to dismiss because it did not include that argument in its response to his judicial review petition.

[14] In regard to DCS's motion to quash Doss's subpoena, Doss argued that he wanted Giblin to bring the requested documents and provide testimony to explain why she did not get the certified record to him by January 20. DCS argued, as it did in its motion to quash, that the subpoena was unreasonable, oppressive, and irrelevant.

[15] The following day, the trial court issued an order in which it: (1) granted DCS's motion to dismiss based on Doss's failure to file the agency record or seek an extension of time within the thirty-day period as required by Section 13 of AOPA; and (2) granted DCS's motion to quash Doss's subpoena. When granting DCS's motion to dismiss, the trial court also rejected Doss's argument that DCS, as keeper of the record, had set a trap for him by not providing him with the agency record within thirty days. The trial court, citing relevant case law, pointed out that the legislature recognized the possibility that a record

could not be filed within thirty days and that the AOPA statute provided a petitioner "the ability to request an extension once it became clear that the agency would be unable to produce the record to a petitioner in the time limits so required." (DCS's App. Vol. 2 at 3).[2] Doss now appeals.

# Decision

Doss argues that the trial court erred by: (1) granting DCS's motion to dismiss his petition for judicial review; and (2) granting DCS's motion to quash his subpoena. We will address each argument in turn.

## 1. Judicial Review

We first address Doss's argument that the trial court erred by granting DCS's motion to dismiss his petition for judicial review of DCS's agency order.[3] Here, DCS's motion to dismiss Doss's petition for judicial review was based on Doss's failure to comply with the AOPA statutory requirements regarding timely filing of the agency record. Doss, however, contends that the language of the AOPA statute was permissive and did not require dismissal of his petition.

"We review de novo a court's ruling on motions to dismiss for failure to timely file necessary agency records where the court ruled on a paper record." *TOPS*,

---

[2] The trial court also rejected Doss's argument that this case was like a default judgment and that he should not be found in default because he was not at fault for the delay in filing the record. Additionally, the trial court apparently rejected Doss's contention that DCS had waived its motion to dismiss argument.

[3] We reject Doss's suggestion that DCS waived its ability to file a motion to dismiss.

20 N.E.3d at 151. The trial court, here, did not conduct an evidentiary hearing and ruled on DCS's motion based on a paper record; thus, we review de novo the trial court's grant of DCS's motion to dismiss. *See id.*

[19] Judicial review of an agency decision is governed by AOPA, *see* I.C. § 4-21.5-5-1 *et seq.*, which provides the "exclusive means for judicial review of an agency action." I.C. § 4-21.5-5-1. An aggrieved petitioner must file a petition for judicial review within thirty days of service of the final agency action. *See* I.C. § 4-21.5-5-5. In order for a petitioner to receive consideration of his petition for judicial review, he must comply with the agency record filing requirements of Section 13 of AOPA, INDIANA CODE § 4-21.5-5-13. *See TOPS*, 20 N.E.3d at 150, 155; *Robertson*, 19 N.E.3d at 758, 762. Section 13 provides, in relevant part, as follows:

> (a) *Within thirty (30) days after the filing of the petition*, or within further time allowed by the court or by other law, *the petitioner shall transmit* to the court the original or a certified copy of *the agency record*[4] for judicial review of the agency action . . .
>
> (b) An extension of time in which to file the record shall be granted by the court for good cause shown. Inability to obtain the record from the responsible agency within the time permitted by this section is good cause. *Failure to file the record within the time permitted* by this subsection, including any extension period ordered by the court, *is cause for dismissal of the petition for review by the court,* on its own motion, or on petition of any party of record to the proceeding.

---

4 INDIANA CODE §§ 4-21.5-5-13(a) and 4-21.5-3-33(b) set forth the required contents of the agency record.

I.C. § 4-21.5-5-13 (emphases added). "The purpose of AOPA section 13 is to ensure that the review of agency action proceeds in an efficient and speedy manner, and that the reviewing trial court has access to the record before rendering its decision . . . ." *TOPS,* 20 N.E.3d at 155 (quoting *Ind. Family & Social Servs. Admin. v. Meyer*, 927 N.E.2d 367, 370 (Ind. 2010)).

[20] Our Indiana Supreme Court has interpreted the AOPA agency record filing requirements contained in INDIANA CODE § 4-21.5-5-13 and has set forth a "bright-line" rule explaining that a "petitioner for [judicial] review cannot receive consideration of its petition where the statutorily-defined agency record has not been filed." *TOPS*, 20 N.E.3d at 155 (internal footnote omitted).[5] Thus, pursuant to Section 13 of AOPA, dismissal of a petition for judicial review is "mandatory" where a petitioner fails to timely file the agency record. *See Allen Cty. Plan Comm'n v. Olde Canal Place Ass'n*, 61 N.E.3d 1266, 1270 (Ind. Ct. App. 2016) (citing *TOPS*, 20 N.E.3d 149; *Robertson,* 19 N.E.3d at 762-63). The supreme court explained that this "bright-line approach best serves the goals of accuracy, efficiency, and judicial economy." *TOPS*, 20 N.E.3d at 155.

[21] In *Robertson*, a companion case to *TOPS*, our supreme court applied this bright-line rule and reversed a trial court's denial of a motion to dismiss a petition for judicial review where the petitioner attached documents to its petition for judicial review but failed to timely file a certified agency record. *See Robertson*,

---

[5] The *TOPS* Court established this bright-line rule when addressing the issue of whether a petitioner who fails to timely file the entire agency record can nevertheless obtain judicial review based on documents attached to the petitioner's petition for judicial review. Here, Doss does not contend that the trial court should review his petition for judicial review without the certified agency record.

19 N.E.3d at 762-63. The Court explained that the petitioner's failure to file the agency record with the trial court precluded consideration of the petition for judicial review. *See id.* at 763.

[22] Doss acknowledges that he failed to timely file the agency record but contends that he should not be held responsible for such failure. Doss attempts to shift the blame for his lack of filing on DCS, and he asserts that DCS set a "trap" for him by not preparing the record within the required thirty days for filing and by not explicitly telling him that the record would not be ready. Doss, however, fails to acknowledge that the AOPA statute contains provisions for filing an extension when—as were the circumstances here—a petitioner is unable to timely file the agency record.

[23] Indeed, AOPA "acknowledges possible difficulties in preparing and submitting the agency record, but places the burden on the petitioner to file or seek an extension within the statutory period . . . ." *Meyer*, 927 N.E.2d at 371. *See also Mosco v. Ind. Dep't of Child Servs.*, 916 N.E.2d 731, 735 (Ind. Ct. App. 2009) (explaining that "the legislature anticipated the possibility that the agency record would not always be readily accessible and therefore provided for the failure of the agency to timely prepare the record by allowing the litigant to request an extension of time to file the record"), *reh'g denied*, *trans. denied*. Section 13 of AOPA provides that "[a]n extension of time in which to file the record shall be granted by the court for good cause shown" and that a petitioner's "[i]nability to obtain the record from the responsible agency within the time permitted by this section is good cause." I.C. § 4-21.5-5-13(b).

When a petitioner is unable to file an agency record within the statutorily required thirty-day period, the "onus" is on the petitioner to file a timely extension. *MicroVote Gen. Corp. v. Office of Sec'y of State*, 890 N.E.2d 21, 28 (Ind. Ct. App. 2008), *trans. denied*. "'It is well settled that a reviewing court may grant a request for an extension under [S]ection [13] of AOPA only if the request is made during the initial thirty days following the filing of the petition for review or within any previously granted extension.'" *Meyer*, 927 N.E.2d at 370-71 (quoting *Wayne Cty. Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of Druids-Grove No. 29*, 847 N.E.2d 924, 927 (Ind. 2006)). Our supreme court has explained that Section 13 of the AOPA "statute is clear" and that the "statute places on the petitioner the responsibility to file the agency record timely" and "does not excuse untimely filing or allow *nunc pro tunc* extensions." *Meyer*, 927 N.E.2d at 370.

Thus, we reject Doss's argument that he should be excused from the requirement to timely file the agency record. We also reject his suggestion that DCS laid a trap for him. As explained by the trial court in its order dismissing Doss's petition for judicial review, our Court has already rejected this argument:

> 8. This trap argument was addressed in *Mosco* .... The *Mosco* court recognized the danger of an agency being a party and also the keeper of the record required to be filed by the opposing party. The danger being that the agency could seek out dismissals by intentionally holding back the production of the record for the 30 day time frame. *Citing Reedus v. Indiana Dept. of Workforce Dev.*, 900 N.E.2d 481, 487-88, (Ind. Ct. App. 2009).

> 9. Despite this obvious potential for possible unprofessional activity, the *Mosco* court nonetheless found that the filing requirements of the AOPA are not a trap for litigants. The legislature provided for the possibility that the record would not be able to be filed in time, and provided the petitioner with the ability to request an extension once it became clear that the agency would be unable to produce the record to a petitioner in the time limits so required. *Mosco*, 900 N.E.2d at 735.

(DCS's App. Vol. 2 at 2-3).

[26] Here, Doss filed his petition for judicial review on December 21, 2015; thus, pursuant to Section 13 of AOPA, he was required to file the agency record by January 20, 2016. On January 13, 2016, DCS notified Doss that it had received his request on January 12, and it explained the process for transcribing the transcript and for later obtaining the transcript and agency record. On January 18—two days before the agency record was due to be filed—Doss notified DCS of his choice of transcriptionist. At that time, however, Doss did not file an extension of time to file the agency record. But, the "burden" or "onus" was on Doss to file a timely extension. *See Meyer*, 927 N.E.2d at 371; *MicroVote*, 890 N.E.2d at 28.

[27] In summary, Doss failed to comply with requirements of INDIANA CODE § 4-21.5-5-13 for timely transmitting the agency record. He neither transmitted the agency record nor sought an extension to file it within thirty days of filing his petition for judicial review. As a result of Doss's failure to timely file either the agency record or an extension, he was not entitled to consideration of his petition for judicial review, and we affirm the trial court's dismissal of Doss's

petition. *See, e.g.*, *TOPS*, 20 N.E.3d at 155; *Robertson*, 19 N.E.3d at 763; *Meyer*, 927 N.E.2d at 371; *Mosco*, 916 N.E.2d at 735; *MicroVote*, 890 N.E.2d at 28.

## 2. Subpoena

[28] Next, we turn to Doss's argument that the trial court erred by granting DCS's motion to quash his subpoena.

[29] Indiana Trial Rule 45(B) provides that the trial court may quash a subpoena if it is "unreasonable and oppressive[.]" We will reverse a trial court's decision to quash a subpoena only where the trial court abuses its discretion. *Strodtman v. Integrity Builders, Inc.*, 668 N.E.2d 279, 285 (Ind. Ct. App. 1996), *on reh'g, trans. denied*.

[30] Here, Doss sought to have a DCS employee produce requested documents and provide testimony to explain why DCS did not get the certified agency record to him by January 20. Specifically, he sought to have DCS produce the following: "Certified copies of any and all communications, electronic or written, with any and all court reporters, the [sic] Doss's counsel, or any other third parties." (Doss's App. Vol. 2 at 36). DCS filed a motion to quash Doss's subpoena pursuant to Trial Rule 45(B), arguing, in part, that the subpoena was "unreasonable and oppressive" and not relevant to the motion to dismiss or to the issue of whether Doss had complied with statutory mandates of AOPA. (Doss's App. Vol. 2 at 32). When the trial court granted DCS's motion to dismiss, it also granted DCS's motion to quash Doss's subpoena.

On appeal, Doss argues that the trial court's grant of the motion to quash was erroneous because the material he sought in his subpoena would have provided information as to why DCS did not comply with his request to supply him with the agency record within thirty days. As he did in his prior argument, he seeks to place blame on DCS for his failure to file the agency record within the required statutory period. Given our supreme court's established "bright-line" rule for filing the agency record or an extension, this argument is of no moment and his requested documents in the subpoena were not reasonable. Because Doss has not shown that the trial court abused its discretion, we affirm the trial court's ruling that granted DCS's motion to quash the subpoena. *See, e.g.*, *Strodtman*, 668 N.E.2d at 285 (affirming a trial court's grant of a motion to quash a subpoena duces tecum).

Affirmed.

May, J., and Brown, J., concur.